**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **K. KABASHA GRIFFIN-EL** | : | **CIVIL ACTION** |
| **a/k/a KEITH FEDELE GRIFFIN,** | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **JEFFREY A. BEARD, et al.,** | : | **NO.  06-2719** |
| **Defendants.** | : | |

<u>**MEMORANDUM AND OPINION**</u>

L. FELIPE RESTREPO                                    MARCH 16, 2009
UNITED STATES MAGISTRATE JUDGE

     Before the Court is Defendants' Motion for Reconsideration (Doc. No. 69) of paragraph 8 of the Court's prior order dated February 10, 2009 (Doc. No. 68) ordering the production of certain documents, Plaintiff's Opposition thereto (Doc. No. 70), and Defendants' Reply (Doc. No. 71).  Also before the Court is Plaintiff's Unopposed Motion for Extension of Discovery (Doc. No. 72).  Because Defendants' Motion for Reconsideration is legally deficient and fails to allege appropriate grounds for relief, it is denied; further, because the Court is mindful that Defendants' compliance with the obligations set forth in this Memorandum and Opinion will further delay discovery, Plaintiff's Unopposed Motion for Extension of Discovery is granted.

## 1. BACKGROUND

     In this lawsuit, Plaintiff K. Kabasha Griffin-El is suing various employees of the Department of Corrections ("DOC"), claiming violations of his First, Fourth, and Fourteenth

Amendment rights under 42 U.S.C. § 1983, which allegedly occurred as a result of two searches of his prison cell while he was incarcerated at the State Correctional Facility at Graterford ("SCI-Graterford"). See Second Am. Compl. ¶¶ 1, 2-105. Plaintiff also seeks a declaratory judgment in this action. Id. ¶¶ 1, 81-83. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this is a "civil action[] arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331.

On February 10, 2009, the Court held a conference call with counsel for both parties in order to resolve a number of discovery disputes, which was the culmination of a series of contentious e-mails and letters between the parties regarding the scope of Plaintiff's discovery requests and the adequacy of Defendants' objections thereto. During the telephone conference, the Court asked the parties to list each dispute and to raise their corresponding arguments. Subsequently, the Court issued an order requiring the production of various documents, records, and other items and outlining the conditions attached thereto. The order was filed on February 10, 2009, but not entered until February 11, 2009. See Order dated 2/10/09 (Doc. No. 68). That same day, on February 11, 2009, Defendants filed the current Motion for Reconsideration, urging the Court to "vacate paragraph 8 of the February 10, 2009 Order and amend[] it" so that Defendants will not have to produce the documents sought by Plaintiff in his first request for documents. Def.'s Mot. Recons. ¶ 9.

## 2. DISCUSSION

In their Motion, Defendants specifically take issue with the Court's order requiring them to comply with Plaintiff's request for the following documents:

> All files or records kept by the Prison concerning Plaintiff, including, but not limited to, documents concerning his incarceration at the Prison, inmate status, jobs, education, courses, medical records, psychological records, psychiatric records, counseling records, and/or disciplinary records.

Def.'s Mot. Recons. ¶ 1. Defense counsel objects to the above request because it "was confidential for security reasons," it "is overbroad, unduly burdensome, seeks information that is irrelevant to this case, and is not reasonably calculated to lead to the discovery of admissible evidence." Id. ¶¶ 2-3. Counsel also raised the issue of privilege. Id. ¶ 3. However, when given the opportunity to raise arguments regarding Plaintiff's document requests during the telephone conference, defense counsel focused mainly on the fact that many of the document requests overlapped. To resolve the issue of overlapping document requests, the Court ordered production of the requested documents under the condition that, if the documents had already been produced elsewhere, Defendants would identify specifically where the documents were produced. See Order dated 2/10/09 ¶ 8.

Defendants now contend that Plaintiff limited his request to production of his "prisoner jacket," that paragraph 8 of the Court's February 10, 2009 order requires production of documents from two other prisons which are irrelevant to the disputed issues in this case, that production of medical and psychological records "have no conceivable bearing on this case," and that production of Plaintiff's "psychological, psychiatric and counseling records could jeopardize Plaintiff's treatment and possibly threaten prison security." Def.'s Mot. Recons. ¶¶ 4-8. In their Reply brief, Defendants clarify that they are contesting the discoverability of any "medical, psychiatric, psychological and counseling records" that are kept separately from the prisoner jacket, which is "officially" referred to as the "DC-15." See Def.'s Reply 1, 3.

Plaintiff argues that Defendants fail to allege any appropriate grounds for reconsideration of the Court's discovery order.  See Pl.'s Opp. 3-4.  Further, Plaintiff alleges that he is entitled to discover his medical, psychological, psychiatric, and counseling records which are contained outside his prisoner jacket, as they are relevant to his claims.  Id. at 4-5.  Plaintiff contends that these materials fall squarely within "Document Request No 1."  Id. at 5.

Because Defendants' Motion is deficient under the Local Rules of Civil Procedure and fails to allege appropriate grounds for reconsideration, it must be denied.  Furthermore, irrespective of these deficiencies, Defendants' Motion fails on its merits.  Accordingly, the Court will require production of the documents and records at issue which are contained outside Plaintiff's prisoner jacket.  To the extent that these materials raise security or treatement concerns or issues of privilege, defense counsel must create a privilege log identifying each specific issue as it allegedly applies to each contested document, and counsel must provide any such documents to the Court for in camera review.


### A.  DEFENDANTS' MOTION IS DEFICIENT UNDER LOCAL RULE 7.1(C)

"Local Rule 7.1(g) permits motions for reconsideration."  Calhoun v. Mann, 2009 U.S. Dist. LEXIS 4195, at *1 (E.D. Pa. Jan. 22, 2009) (citing E.D. Pa. Civ. P. 7.1(g)).  "A timely motion for reconsideration under Local Rule 7.1(g) is considered analogous to a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure."  Kennedy Indus., Inc. v. Aparo, 2006 U.S. Dist. LEXIS 46075, at *3 (E.D. Pa. July 6, 2006); see also Calhoun, 2009 U.S. Dist. LEXIS 4195, at *1-2 (citations omitted).  Because Local Rule 7.1(g) "establishes a ten-day deadline to seek reconsideration of an 'order', without placing any limit on

4

that term," it applies to orders resolving discovery disputes.  McGinley v. Baratta, 2006 U.S. Dist. LEXIS 65075, at *5-6 (E.D. Pa. Sept. 12, 2006) (citing Grider v. Keystone Health Plan Cent., Inc., 2004 U.S. Dist. LEXIS 9014, at *26-27 (E.D. Pa. Apr. 26, 2004)); see Grider, 2004 U.S. Dist. LEXIS 9014, at *26-27 (denying a motion for reconsideration of a discovery order because it was not timely filed under Local Rule 7.1(g)).  Since Defendants' Motion was filed on the same day that the Court's order was entered, it is timely.

Local Rule 7.1(c) is also applicable to Defendants' Motion for Reconsideration.  See Wright v. Montgomery County, 1999 U.S. Dist. LEXIS 900, at *9-11 (E.D. Pa. Jan. 26, 1999) (citations omitted) (treating a motion to enforce a subpoena as uncontested under Local Rule 7.1(c)); see also Hall v. Harleysville Ins. Co., 164 F.R.D. 172, 172 (E.D. Pa. 1995) (reconsidering an order compelling discovery because, since there was a "postal service glitch," the motion was not unopposed under Local Rule 7.1(c)).  Local Rule 7.1(c) requires that "**Every motion** not certified as uncontested, or not governed by Local Civil Rule 26.1(g), **shall be accompanied by a brief** containing a concise statement of the legal contentions and **authorities relied upon** in support of the motion."  E.D. Pa. R. Civ. P. 7.1(c) (emphases added).  Local Rule 26.1(g) concerns motions to compel answers to interrogatories or requests for production for which no timely objections are filed, see E.D. Pa. R. Civ. P. 26.1(g), and since the present Motion is not a motion to compel, Local Rule 7.1(c) clearly applies.

Defendants' Motion for Reconsideration is not accompanied by a brief and fails to cite a single case or Rule of Civil Procedure upon which Defendants rely to support their Motion.  See Def.'s Mot. Recons. ¶¶ 1-9.  Courts in this jurisdiction have found that motions and memoranda of law that are not accompanied by citations to legal authority or adequate explanations of the

bases for the party's arguments are legally deficient under Local Rule 7.1(c), which can warrant denial of the motion.  See Purcell v. Universal Bank, N.A., 2003 U.S. Dist. LEXIS 547, at *8-9, *11 (E.D. Pa. Jan. 3, 2003) (citations omitted) (denying a Third-Party Defendant's motion for summary judgment because there were genuine issues of material fact, movant's brief was deficient under Federal Rule of Civil Procedure 56(c), and because movant's brief "d[id] not contain the basis for its legal contentions," in violation of Local Rule 7.1(c)); see also Laudenberger v. Sciotti, 2000 U.S. Dist. LEXIS 11183, at *13-16, *16 n. 3 (E.D. Pa. Aug. 9, 2000) (noting that Defendants' motion to dismiss one of the contested claims was "woefully inadequate" because it failed to cite to legal authority and only "set forth unsupported legal conclusions," but denying the motion to dismiss on its merits); Moore v. Vangelo, 2004 U.S. Dist. LEXIS 2452, at *17-18 (E.D. Pa. Feb. 12, 2004) (denying Defendants' motion to dismiss one of Plaintiff's claims because Defendants asserted that dismissal was warranted "[i]n conclusory fashion, and without any supporting caselaw" and "failed to set forth a factual or legal basis in support of their contention," contrary to the requirements of Local Rule 7.1(c)).

Since Defendants did not submit a brief, but instead stated their objections in a conclusory fashion without citation to relevant case law or Rules of Civil Procedure, their Motion for Reconsideration is legally deficient under Local Rule 7.1(c).  Defendants' thinly-veiled factual assertions and boilerplate, unsupported legal conclusions could alone warrant denial of their Motion.   See Moore, 2004 U.S. Dist. LEXIS 2452, at *17-18.  However, as will be explained more fully below, there are other, more compelling factors which support denial of Defendants' Motion for Reconsideration.

6

### B. Defendants' Motion Fails to Allege Appropriate Grounds for Reconsideration

Defendants' Motion for Reconsideration is also deficient in that it fails to allege appropriate grounds for relief and merely seeks to have the Court rethink a decision it has already made.  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Doe v. Allentown Sch. Dist., 2008 U.S. Dist. LEXIS 74513, at *4-5 (E.D. Pa. Sept. 23, 2008) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)).  In order to prevail, the moving party must "show[] at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [entered judgment]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Doe, 2008 U.S. Dist. LEXIS 74513, at *5 (second alteration in original) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)); see Quinteros, 176 F.3d at 677 (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

"Federal district courts should grant such motions sparingly because of their strong interest in finality of judgment." Slagan v. John Whitman & Assoc., Inc., 1997 U.S. Dist. LEXIS 14910, at *1-2 (E.D. Pa. Sept. 26, 1997) (quoting Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)).  The moving party is not permitted to "submit evidence in support of a reconsideration motion that was available prior to the court's judgment." Peterson v. Brennan, 2004 U.S. Dist. LEXIS 11860, at *17 (E.D. Pa. June 15, 2004) (citing Smith v. City of Chester, 155 F.R.D. 95, 97 (E.D. Pa. 1994)).  Furthermore, it is not appropriate for the movant to "request that the court rethink a decision it has already made." Peterson, 2004

U.S. Dist. LEXIS 11860, at *17 (citing <u>Glendon Energy Co. v. Borough of Glendon</u>, 836 F.

Supp. 1109, 1122 (E.D. Pa. 1993)).

      Defendants' Motion for Reconsideration fails to allege a change in the intervening law

and does not contend that there is newly discovered evidence nor that the Court must correct a

clear error of law or fact or prevent manifest injustice.  <u>See</u> Def.'s Mot. Recons. ¶¶ 1-9; <u>see also</u>

<u>Doe</u>, 2008 U.S. Dist. LEXIS 74513, at *5 (quoting <u>Quinteros</u>, 176 F.3d at 677).  Instead,

Defendants allege that "paragraph 8 of the Court's February 10 Order far exceeds the scope of

discovery and the remainder of the Order."  Def.'s Mot. Recons. ¶ 6.  The Court finds that

Defendants' arguments can only be construed as a request to have "the [C]ourt rethink a decision

it has already made," which is not an appropriate ground for reconsideration.  <u>See</u> <u>Peterson</u>, 2004

U.S. Dist. LEXIS 11860, at *17 (citing <u>Glendon Energy Co.</u>, 836 F. Supp. at 1122).

Consequently, Defendants' Motion for Reconsideration must be denied.

### C. Defendants' Motion Fails on Its Merits

      Even if the Court were to excuse the deficiencies of Defendants' Motion, reconsideration

is not warranted in this case because each of Defendants' objections to the production of

documents at issue fail on their merits.  Therefore, the contested documents must be produced,

or, in the alternative, any claims of privilege or security concerns must be set forth in a detailed

privilege log and the documents must be produced to the Court for *in camera* review in

accordance with the Court's February 10, 2009 order and the applicable legal authority.

**(1) Defendants' Privilege Claim Lacks the Requisite Support and Specificity**

Defendants' objections that the requested documents are privileged, confidential, present security concerns, and jeopardize Plaintiff's treatment will be addressed together.  See Def.'s Mot. Recons. ¶¶ 2, 3, 8.  Since Plaintiff's causes of action "assert federal claims, the privileges in this case are governed by 'principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.'" Startzell v. City of Philadelphia, 2006 WL 2945226, at *2 (E.D. Pa. Oct. 13, 2006) (quoting United States v. O'Neill, 619 F.2d 222, 230 (3d Cir. 1980) (citing Fed. R. Evid. 501)).  The Supreme Court of the United States has articulated the appropriate manner in which a government agency should invoke a claim of executive privilege:

> There must be a formal claim of privilege, lodged by the head of the department which has control over the matter, after actual personal consideration by that officer.  The court itself must determine whether the circumstances are appropriate for a claim of privilege . . . .

O'Neill, 619 F.2d at 226 (quoting United States v. Reynolds, 345 U.S. 1, 7-8 (1953)) (additional citations omitted).  It is inappropriate for the government's attorney to invoke the privilege under circumstances where there is "no indication . . . that the department heads made the type of personal careful examination which must precede invocation of the privilege." O'Neill, 619 F.2d at 226.  It is also improper to assert "a broadside invocation of privilege, which fail[s] to designate with particularity the specific documents or file to which the claim of privilege applie[s]." Id. at 225.

Moreover, such privileges must usually be asserted "by affidavit." Id. at 226 (citing Smith v. Fed. Trade Comm'n, 403 F. Supp. 1000, 1016 (D. Del. 1972) (additional citations

omitted)).  The benefit of setting forth the government agency's assertion of privilege in writing is that it "gives each party the opportunity to analyze the request and the corresponding objection, and gives the court a fuller record on which to base its ruling;" additionally, "it . . . provides some assurance that the party asserting the privilege has directed his or her attention to the scope of the claim being asserted."  O'Neill, 619 F.2d at 225-26.  Furthermore, courts in this jurisdiction have held that "[f]ailure to provide a privilege log with discovery responses directly violates Rule 26(b)(5)(A)" and "ma[kes] . . . general objection[s] based upon alleged privilege legally deficient."[1]  Grider v. Keystone Health Plan Cent., Inc., 2007 WL 2874408, at *22 (E.D. Pa. Sept. 28, 2007) (citing Fed. R. Civ. P. 26(b)(5)(A)).  In Grider, the court admonished defendants for improperly asserting "general objections" to discovery requests on the basis of privilege and failing to "include[] a privilege log with their responses to discovery requests until directed to do so by the court," which were some of the various factors that influenced the court's decision to impose sanctions.  Grider, 2007 WL 2874408, at *1-2, *22, *35.

Once "a valid claim of privilege is properly invoked, the party who seeks the information must show the need for it so that the court can 'balance on one hand the policies which give rise to the privilege and their applicability to the facts at hand against the need for the evidence

---

[1]Rule 26(b)(5) states, in pertinent part:
> (A) *Information Withheld.*  When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> > (i) expressly make the claim; and
> > (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A).

sought to be obtained in the case at hand.'" O'Neill, 619 F.2d at 227 (quoting Riley v. City of

Chester, 612 F.2d 708, 716 (3d Cir. 1979)).  When information regarding a prison inmate is the

subject of the governmental privilege, there are legitimate concerns that disclosure of these

materials would "chill[] the free and uninhibited exchange of ideas between staff members

within the system, by causing the unwarranted disclosure and consequent drying up of

confidential sources, and in general by unjustifiably compromising the confidentiality of the

system's records and personnel files."  Kerr v. U.S. Dist. Ct. for the N.D. of Cal., 426 U.S. 394,

405 (1976) (citation omitted).

    Kerr was a class action lawsuit brought by California state inmates alleging "substantial

constitutional violations in the manner in which the California Adult Authority carrie[d] out its

function of determining the length and conditions of punishment for convicted criminal

offenders."  Id. at 396.  The litigants sought production of two classes of documents, one of

which was their "prisoners' files."  Id. at 397-98.  The files were ordered to be produced, subject

to a protective order specifying that only Plaintiffs' attorneys could use them for the lawsuit and

also subject to a condition that inmates had to consent to the production of their files.  Id. at 400-

01.  The Ninth Circuit denied Plaintiffs' petition for writs of mandamus seeking to vacate the

discovery orders, which was appealed to the Supreme Court of the United States.  Id. at 395, 401.

After noting the confidentiality concerns outlined above, the Supreme Court stated that "[i]n light

of the potential seriousness of these considerations and in light of the fact that the weight to be

accorded them will inevitably vary with the nature of the specific documents in question, it

would seem that an in camera review of the documents is a relatively costless and eminently

worthwhile method to insure that the balance between [Defendants'] claims of irrelevance and

11

privilege and plaintiffs' asserted need for the documents is correctly struck." Id. at 405.

In the Court's prior order dated 2/10/09, Defendants were ordered to produce Plaintiff's prisoner jacket, subject to the restriction that the materials contained therein shall not be provided to Plaintiff, and that if his lawyers at any time cease representation, they must return the materials to the Office of the Attorney General with a verification certifying that the documents were not provided to Plaintiff. See Order dated 2/10/09 ¶ 4. The Court also required that any security concerns or assertions of privilege should be set forth specifically in a privilege log and the documents be turned over for in camera review. Id. Plaintiff's medical, psychiatric, psychological, and counseling notes are not contained in the prisoner jacket and thus fall under paragraph 8 of the Court's prior order, which directed Defendants to comply with Plaintiff's first request for documents. See id. ¶ 8.

Paragraph 8 does not contain an instruction that counsel not provide these documents to Plaintiff nor a requirement that security concerns or privilege assertions be specifically set forth in a privilege log and the documents be turned over for in camera review. Id. However, by imposing those requirements on Defendants with regard to documents contained in Plaintiff's prisoner jacket, the Court was merely directing Defendants to do what **they were already required to do**. The Court did not in any way exempt the documents at issue in the present Motion from the clearly established requirements of the Federal Rules of Civil Procedure and the applicable case law. See, e.g., Fed. R. Civ. P. 26(b)(5)(A); Grider, 2007 WL 2874408, at *1-2, *22, *35; O'Neill, 619 F.2d at 225-26; Kerr, 426 U.S. at 405.

Here, defense counsel has made conclusory legal assertions that the contested documents present security, confidentiality, privilege, and treatment concerns. Defendants fail to articulate

how each of these documents present security concerns or will jeopardize Plaintiff's treatment.

Defendants also fail to parse out which of the aforementioned concerns apply to which particular

documents.  See O'Neill, 619 F.2d at 225 (finding it inappropriate to assert "a broadside

invocation of privilege, which fail[s] to designate with particularity the specific documents or file

to which the claim of privilege applie[s]").  Defendants have not produced a privilege log to

Plaintiff and have failed to provide affidavits prepared by the necessary DOC officials indicating

that they have undertaken a personal review of these documents and decided that they are indeed

privileged, all of which are clearly required.  See id. at 225-26.  Without production of a privilege

log, affidavits, or submission of the documents for *in camera* review, Plaintiff's counsel and the

Court have no way of evaluating the validity of the governmental privilege claims.  See Fed. R.

Civ. P. 26(b)(5)(A); Grider, 2007 WL 2874408, at *1-2, *22, *35; O'Neill, 619 F.2d at 225-26;

Kerr, 426 U.S. at 405.

    These deficiencies severely impair the Court's ability to "itself . . . determine whether the

circumstances are appropriate for a claim of privilege."  O'Neill, 619 F.2d at 226 (quoting

Reynolds, 345 U.S. at 7-8).   Moreover, had Defendants complied with the Court's request that

future discovery disputes be resolved informally by telephone conference, the Court could have

clarified that a privilege log must be produced for **all** assertions of privilege or security concerns,

which would have resolved this dispute without the need for excessive motions practice and

briefing to the Court.  Defendants have simply ignored the procedures that are required when a

government agency invokes privileges.  Because concerns regarding Plaintiff's treatment, prison

security, and claims of privilege cannot be taken lightly, the Court will entertain potential

resolutions for these disputes after Defendants fulfill their obligations.[2]

The Court is aware of two cases from the District Court for the Middle District of Pennsylvania in which the respective courts considered requests for a state inmate's "medical and mental health records."  See Brown v. Martinez, 2006 U.S. Dist. LEXIS 29772, at *6-9 (M.D. Pa. May 12, 2006) (citing Tarlton v. United States, 430 F.2d 1351 (5th Cir. 1970)); see also Mincy v. Chmielewski, 2006 U.S. Dist. LEXIS 77595, at *5-8 (M.D. Pa. Oct. 25, 2006) (citing Tarlton, 430 F.2d 1351 (5th Cir. 1970)).  The Court finds that today's decision is in accord with the well settled legal principles discussed above and is consistent with the decisions in Brown and Mincy.

In Brown, "Secretary Beard, as administrative head of the Pennsylvania [DOC]," also a Defendant in this action, submitted a declaration indicating his personal review of the documents requested and specifically indicating which documents he believed were privileged.  Brown, 2006 U.S. Dist. LEXIS 29772, at *6.  After considering the specific bases for Secretary Beard's assertions of privilege, the Court weighed the asserted security concerns against the relevance of

---

[2]The Court has already received a privilege log which corresponds to other documents Defendants have withheld on the basis of the attorney-client privilege.  Those documents are not at issue in this Motion.  However, consistent with the Court's separate order dated 3/16/09, Defendants must include in their submissions to the Court the appropriate affidavits setting forth all individuals involved in the preparation, communication, and dissemination of each document withheld on the basis of privilege.  See Order dated 3/16/09 (citing Smithkline Beecham Corp. v. Apotex Corp., 232 F.R.D. 467, 477, 478 (E.D. Pa. 2005)).  Defendants must also set forth the precise factual and legal arguments which they believe support the application of privilege to each document.  See Order dated 3/16/09 (quoting Lady Liberty Transp. Co., Inc. v. Philadelphia Parking Auth., 2007 WL 707372, at *2-3 (E.D. Pa. Mar. 1, 2007)) (additional citations omitted).  These detailed submissions will be required for the balance of discovery, regardless of the type of privilege being asserted.  Additionally, with respect to the documents at issue in this Motion, Defendants' affidavits must indicate whether the appropriate DOC officials have personally reviewed the documents to determine that they believe they should be kept confidential.  See O'Neill, 619 F.2d at 226.

the documents to Plaintiff's claims.  Id. at *6-9.  The Brown court, having conducted its own

review of the disputed documents, determined that the mental health records sought by Plaintiff

were not relevant to his causes of action, and thus found that a protective order was necessary to

protect Secretary Beard's concerns.  Id. at *7-9.  Secretary Beard submitted a similar declaration

in Mincy.  Mincy, 2006 U.S. Dist. LEXIS 77595, at *5-6.  The Defendants had agreed to produce

the inmate Plaintiff's medical and mental health records covering the time span relevant to his

claims pursuant to a confidentiality agreement.  Id. at *7-8.  The Mincy court, finding the

"proposal" to be reasonable, ordered the production of "the pertinent mental health records,"

subject to the confidentiality agreement.  Id. at *8.

       As explained above, Secretary Beard has not submitted any affidavit or declaration which

outlines for both Plaintiff and the Court the Defendants' assertions as they allegedly apply to

each document.  Because Defendants ignore the applicable case law and assert general,

conclusory allegations of privilege, treatment, and security concerns, this Court is not in a

position to evaluate Defendants' claims nor to attempt to fashion an appropriate resolution.

Furthermore, the government's privilege, security, and treatment concerns must be weighed

against "plaintiffs' asserted need for the documents."  Kerr, 426 U.S. at 405.  As indicated below,

the Court finds that Plaintiff's medical, psychological, psychiatric, and counseling records could

be highly relevant to the claims asserted in this case, rendering Brown distinguishable.  The

relevance of these documents also underscores the importance of in camera review in these

circumstances so that the Court can balance the government's serious security concerns against

Plaintiff's purported need for the documents.  The Court cannot and will not conduct this

balancing test until it is furnished with the requisite information.  Therefore, Mincy, where

relevant health records were ordered to be produced subject to a confidentiality agreement, is analogous to the present case to the extent that this Court must approach Defendants' assertions in a similar manner and reach an appropriate resolution after conducting an *in camera* review of the documents.

For all the aforementioned reasons, Defendants must produce the documents requested in Plaintiff's first request for documents.  To the extent that Defendants allege that security and treatment concerns or privileges apply, Defendants must produce a privilege log and provide these documents to the Court for *in camera* review, consistent with the mandates of the Court's prior order and the applicable legal authority.

### (2) DEFENDANTS' ADDITIONAL BOILERPLATE OBJECTIONS ARE INAPPROPRIATE

Defendants' remaining objections to Plaintiff's first document request are that the request is "overbroad, unduly burdensome, seeks information that is irrelevant to this case, and is not reasonably calculated to lead to the discovery of admissible evidence."  Def.'s Mot. Recons. ¶ 3. Defendants argue that the Court's prior order compelled the production of documents generated during the time Plaintiff was incarcerated at SCI-Houtzdale and during his current incarceration at SCI-Greensburg.  Id. ¶ 6.  One need look no further than the document request itself to determine that this argument is completely without merit.  In his first document request, Plaintiff specifically defines the word "Prison" to mean "the State Correctional Institution at Graterford, Pennsylvania, and all of its directors, officers, employees, agents, and servants."  See Pl.'s Opp. Ex. A, ¶ 4.  This makes it clear that Plaintiff is not seeking production of documents that were generated while he was incarcerated at SCI-Houtzdale or SCI-Greensburg.

Defendants' objections to the production of the contested documents must otherwise be denied as improper boilerplate objections which do not contain the requisite specificity. "Mere recitation of the familiar litany that an interrogatory or document production request is 'overly broad, burdensome or oppressive' will not suffice." Smithkline Beecham Corp. v. Apotex Corp., 2006 WL 279073, at *2 (E.D. Pa. Jan. 31, 2006) (quoting Momah v. Albert Einstein Med. Ctr., 164 F.R.D. 412, 417 (E.D. Pa. 1996)). Rather, "[t]he resisting party 'must show specifically' how the information requested 'is not relevant or how each question is overly broad, burdensome, or oppressive.'" Smithkline, 2006 WL 279073, at *2 (quoting Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982)). Parties seeking a protective order based on allegations of undue burden must "demonstrate with specificity and **factual detail** the exact nature and extent of the burden." Grider v. Keystone Health Plan Cent., Inc., 2007 WL 2874423, at *6 (E.D. Pa. Sept. 27, 2007) (citing Fort Washington Resources, Inc. v. Tannen, 153 F.R.D. 78, 79 (E.D. Pa. 1994)) (additional citations omitted) (emphasis added); see also Lickteig v. Landauer, 1992 U.S. Dist. LEXIS 16806, at *2 (E.D. Pa. Nov. 4, 1992) (granting a motion for a protective order and limiting discovery after a party submitted a verified affidavit detailing the number of documents that would need to be reviewed, the amount of hours the endeavor would require, and both the cost per-hour and total costs of compliance).

In this case, Defendants have not filed a motion for a protective order, nor have they submitted an affidavit providing specific information regarding the time, cost, or specific burden they face in complying with Plaintiff's first request for documents. Therefore, Defendants objections to Plaintiff's first request for documents are devoid of the requisite specificity and must be denied. Moreover, defense counsel already raised arguments regarding the burden of

complying with Plaintiff's discovery requests during the parties' prior telephone conference.  The Court has not been presented with any new facts or case law which would warrant reconsideration of its earlier decision requiring production of the documents.

Finally, Defendants' relevance objections are also rejected.  It is well settled that "[t]he defendant[s] may not determine on [their] own what is relevant for discovery purposes."  Grider, 2007 WL 2874423, at *7 (quoting Grossman v. First Pennsylvania Corp., 1992 U.S. Dist. LEXIS 2266, at *7 (E.D. Pa. Feb. 24, 1992)); see Grossman, 1992 U.S. Dist. LEXIS 2266, at *7 (citing Xaphes v. Merrill Lynch, 102 F.R.D. 545 (D. Me. 1984)).  "'[W]here there is doubt over relevance, the rule indicates that the court should be permissive' in granting the discovery request."  Smithkline, 2006 WL 279073, at *2 (quoting Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A., 144 F.R.D. 258, 265 (E.D. Pa. 1992)).

In this case, the Court has already determined that the requested documents are relevant, or, in the alternative, "reasonably calculated to lead to the discovery of admissible evidence." See Fed. R. Civ. P. 26(b)(1).  Defendants' argue that Plaintiff's medical, psychological, psychiatric, or counseling records are irrelevant because Plaintiff is not alleging physical or emotional injury.  See Def.'s Reply 2.  Even a cursory review of the Second Amended Complaint reveals that Plaintiff does in fact seek "emotional distress damages for pain, suffering, and humiliation incurred as a result of Defendants' actions."  See Second Am. Compl., at Prayer for Relief ¶ e; see also Second Am. Compl. ¶ 80.  Further, Defendants' relevance argument regarding Plaintiff's medical, psychological, psychiatric, or counseling records that predate the

18

original August 2005 search of his prison cell, <u>see</u> Def.'s Mot. Recons. ¶¶ 6-7, is rejected.[3]  The Court has no doubt that Plaintiff's medical, psychological, psychiatric, and counseling records generated during his incarceration at SCI-Graterford are relevant to his causes of action or are reasonably calculated to lead to the discovery of admissible evidence.  As such, the documents must be produced pursuant to the parameters set forth in this Memorandum and Opinion.

### D.  Wendy Moyer and Kim Ulisny are Not Defendants in this Action

The Court takes this opportunity to resolve another impending issue.  In an order dated 9/27/07, the Honorable Timothy J. Savage dismissed all claims in Plaintiff's First Amended Complaint against Defendants Wendy Moyer and Kim Ulisny, but did not specify whether dismissal of these two Defendants was with or without prejudice.  <u>See</u> Order dated 9/27/07 ¶ 1 (Doc. No. 38).  In Plaintiff's Second Amended Complaint, Wendy Moyer and Kim Ulisny were again named as Defendants.  Second Am. Comp. ¶¶ 11, 20.  In Defendants' Answer, they appear to exclude Wendy Moyer and Kim Ulisny from their list of "answering defendants," noting that they were previously dismissed.  <u>See</u> Answer at 1, n. 1.  It is evident that Plaintiff continues to name Wendy Moyer and Kim Ulisny as Defendants in his discovery requests.  <u>See</u> Pl.'s Opp. Ex. A, at 1.

Wendy Moyer and Kim Ulisny need not respond to discovery requests because the Second Amended Complaint did not reinstate them as proper Defendants in this action.  Federal Rule of Civil Procedure 41(b) "provides" that "[u]nless the court in its order for dismissal

---

[3]Defendants' August 4, 2005 search of Plaintiff's prison cell is essentially the first discrete event in a series of occurrences at SCI-Graterford that gave rise to the constitutional violations he alleges.  <u>See</u> Second Am. Compl. ¶¶ 37-105.

otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."  Bosley v. The Chubb Inst., 516 F. Supp. 2d 479, 482 (E.D. Pa. 2007) (quoting Fed. R. Civ. P. 41(b)).  This is significant because "[t]he effect of a 'final judgment on the merits of an action precludes the parties or their privities from relitigating issues that were or could have been raised in that action.'"  Douris v. County of Bucks, 2001 U.S. Dist. LEXIS 8194, at *11-12 (E.D. Pa. June 18, 2001) (quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n. 3 (1981)) (additional citations omitted).

For these reasons, "it is clear that when the dismissal is for a reason other than lack of jurisdiction, improper venue, or failure to join a party, the dismissal is considered to be with prejudice even if the judgment did not so specify."  Bosley, 516 F. Supp. 2d at 482-83 (citing LeBeau v. Taco Bell, Inc., 892 F.2d 605, 607 (7th Cir. 1989)).  For these reasons, Judge Savage's order dismissing Wendy Moyer and Kim Ulisny was with prejudice and the Second Amended Complaint did not reinstate them as Defendants.  Consequently, they are not obligated to respond to Plaintiff's discovery requests.


### E.  AN EXTENSION OF TIME IS NECESSARY TO COMPLETE DISCOVERY

While Defendants' Motion was pending, Plaintiff filed an Unopposed Motion for Extension of Discovery (Doc. No. 72).  Because the parties' discovery disputes and resolution of the present Motion have delayed the parties' discovery efforts, Plaintiff requests a ninety (90) day enlargement of time to complete discovery.  See Pl.'s Mot. ¶¶ 1-8.  The Court realizes that

today's decision may delay discovery efforts even further and is sympathetic to the time constraints facing both parties.  Because of these delays, and because Defendants do not oppose Plaintiff's Motion, an enlargement of time to complete discovery is granted.

### 3. CONCLUSION

Defendants' Motion for Reconsideration is legally deficient under Local Rule of Civil Procedure 7.1(c) because it contains conclusory factual and legal assertions and is not accompanied by a brief containing citations to the legal authority they rely upon.  Moreover, Defendants' have failed to allege any proper grounds for reconsideration.  Even if the Court were to excuse these shortcomings, Defendants' objections to the production of Plaintiff's medical, psychological, psychiatric, and counseling records must be denied on their merits.  Defendants' have failed to follow the proper procedures that are required when government agencies assert privileges, and their boilerplate objections lack the requisite specificity that enables the opposing party and the Court to determine the validity of the objections.

Therefore, all documents requested in Plaintiff's first document request that are contained outside his prisoner jacket must be produced.  Specifically, Defendants are required to produce Plaintiff's medical, psychological, psychiatric, and counseling records which were generated during his incarceration at SCI-Graterford.  To the extent that production of certain documents raises concerns regarding Plaintiff's treatment, prison security, or privilege, these concerns are to be set forth in a privilege log, outlining the application of each concern to each document, and the documents must be provided to the Court for *in camera* review.  The Court realizes that these required procedures are time consuming.  Consequently, Plaintiff's Unopposed Motion for

21

Extension of Discovery is granted.  An appropriate order follows, and an amended scheduling order will be set forth separately.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **K. KABASHA GRIFFIN-EL** | : | **CIVIL ACTION** |
| **a/k/a KEITH FEDELE GRIFFIN,** | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **JEFFREY A. BEARD, et al.,** | : | **NO.  06-2719** |
| **Defendants.** | : | |

**ORDER**

_____**AND NOW**, this 16th day of March, 2009, upon consideration of Defendants' Motion for Reconsideration (Doc. No. 69) of paragraph 8 of the Court's prior order dated February 10, 2009 (Doc. No. 68) ordering the production of certain documents, Plaintiff's Opposition thereto (Doc. No. 70), Defendants' Reply (Doc. No. 71), and Plaintiff's Unopposed Motion for Extension of Discovery (Doc. No. 72), it is hereby **ORDERED** that:

1. Defendants' Motion for Reconsideration is **DENIED**, and Defendants **MUST PRODUCE** Plaintiff's medical, psychological, psychiatric, and counseling records that were generated during his incarceration at SCI-Graterford, as requested in Plaintiff's first document request and as previously ordered in paragraph 8 of the Court's order dated 2/10/09.

2. Where Defendants assert a claim of privilege or concerns regarding confidentiality, Plaintiff's treatment, or prison security, Defendants must set up a privilege log, identifying the specific privilege or concern that they allege applies to each document.  Any such documents are to be provided to the Court for *in camera* review.

3. All other requirements set forth in paragraph 8 and the remainder of the order

dated 2/10/09 remain in force in their entirety.

        4.  Wendy Moyer and Kim Ulisny are no longer Defendants in this action, and therefore **NEED NOT** respond to Plaintiff's discovery requests.

        5.  Plaintiff's Unopposed Motion for Extension of Discovery is **GRANTED**.


                     BY THE COURT:


                     /s/ L. Felipe Restrepo
                     L. Felipe Restrepo
                     United States Magistrate Judge