**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **K. KABASHA GRIFFIN-EL** | : | **CIVIL ACTION** |
| **a/k/a KEITH FEDELE GRIFFIN,** | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **JEFFREY A. BEARD, et al.,** | : | **NO.  06-2719** |
| **Defendants.** | : | |


**MEMORANDUM AND OPINION**


L. FELIPE RESTREPO                                        APRIL 29, 2009
UNITED STATES MAGISTRATE JUDGE


        Before the Court is Plaintiff's Motion for Reconsideration and attached memorandum of

law (Doc. No. 78), Defendants' Response in opposition thereto (Doc. No. 82), and Plaintiff's

Reply (Doc. No. 83).  Plaintiff seeks reconsideration of paragraph 4 of the Court's prior order

dated 3/16/09 (Doc. No. 76), in which the Court stated that Wendy Moyer ("Moyer") and Kim

Ulisny ("Ulisny")  were no longer proper Defendants in this action and need not respond to

discovery requests.[1]  See Pl.'s Mot. for Recons. ¶¶ 8-12.  Because the Court must correct an error

of law, reconsideration is appropriate and Plaintiff's Motion will be granted.

---

        [1]John W. Moyer is also named as a Defendant in this action.  See Second Am. Compl. ¶
10.  His status as a Defendant is not at issue in this Motion; accordingly, references in this
Memorandum and Opinion to Defendant "Moyer" apply to Wendy Moyer only.

## 1. Background

In this lawsuit, Plaintiff K. Kabasha Griffin-El is suing various employees of the Department of Corrections ("DOC"), claiming violations of his First, Fourth, and Fourteenth Amendment rights under 42 U.S.C. § 1983, which allegedly occurred as a result of two searches of his prison cell while he was incarcerated at the State Correctional Facility at Graterford ("SCI-Graterford"). See Second Am. Compl. ¶¶ 1, 2-105. Plaintiff also seeks a declaratory judgment. Id. ¶¶ 1, 81-83. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this is a "civil action[] arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331.

Plaintiff initiated this action pro se after being granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 by the Honorable Timothy J. Savage. See Order dated 8/1/06 (Doc. No. 4). On January 9, 2007, Judge Savage ordered that Plaintiff either respond to Defendants' Motion to Dismiss or file an Amended Complaint by February 13, 2007. See Order dated 1/9/07 (Doc. No. 16). Subsequently, Plaintiff filed an Amended Complaint (Doc. No. 17) on February 16, 2007. Defendants' moved to dismiss the Amended Complaint on February 28, 2007 (Doc. No. 18). Judge Savage dismissed Plaintiff's claims under the Fourteenth Amendment equal protection clause and the Universal Declaration of Human Rights and also dismissed the claims in the Amended Complaint against Moyer and Ulisny. See Order dated 9/27/07 ¶¶ 1-3 (Doc. No. 38). In a footnote, Judge Savage indicated that he was dismissing Moyer and Ulisny because Plaintiff made "no allegations against" them, but did not indicate whether the dismissal was with or without prejudice. See id. ¶ 1 and n. 1. The remainder of Defendants' Motion to Dismiss was denied. Id. ¶¶ 4-5.

2

During the pendency of Defendants' Motion to Dismiss the Amended Complaint,

Plaintiff filed a Motion for appointment of counsel (Doc. No. 25), which Judge Savage granted.

See Order dated 7/3/07 (Doc. No. 27).  However, counsel for Plaintiff did not enter their

appearance until after Judge Savage dismissed Moyer and Ulisny as Defendants.  See Entries of

Appearance dated 11/2/07 (Doc. Nos. 44, 45).  Plaintiff's counsel filed a Motion for leave to file

a Second Amended Complaint, with the proposed Second Amended Complaint attached thereto

(Doc. No. 49).  Judge Savage granted Plaintiff's Motion and deemed the Second Amended

Complaint as filed on that date.  See Order dated 12/26/07 (Doc. No. 50).  Defendants

subsequently filed a Motion to Dismiss the Second Amended Complaint, which this Court

denied in its entirety without prejudice to Defendants to raise their arguments at summary

judgment.  See Order dated 9/22/08 (Doc. No. 66).

Moyer and Ulisny were again named as Defendants in Plaintiff's Second Amended

Complaint.  Second Am. Comp. ¶¶ 11, 20.  Defendants excluded Moyer and Ulisny from their

list of "answering defendants" in their Answer, noting that they were previously dismissed.  See

Answer at 1, n. 1.  However, Plaintiff continued to name Moyer and Ulisny as Defendants in his

discovery requests.  See Griffin-El v. Beard, 2009 U.S. Dist. LEXIS 20651, at *31 (E.D. Pa. Mar.

16, 2009).  Neither party filed a Motion nor requested a telephone conference on this matter.  In

an attempt to resolve the impending issue, the Court held *sua sponte* that Judge Savage's order

was an adjudication on the merits pursuant to Federal Rule of Civil Procedure 41(b), and thus did

not reinstate Moyer and Ulisny as Defendants.  Id. at *31-32 (citations omitted).

Plaintiff contends that the Court erred because it failed to consider the fact that "dismissal

with prejudice of a *pro se* civil rights complaint, without notice of the opportunity to amend, is

3

contrary to well-established Third Circuit law."  Pl.'s Mot. for Recons. ¶ 10.  As such, Plaintiff

seeks reconsideration to correct "an oversight and resulting error of law or fact, and to prevent

manifest injustice."  Id.  Plaintiff points out that dismissal of Moyer and Ulisny was merely due

to his failure to "allege facts sufficient to meet the liberal pleading requirements for claims

against them."  Id. ¶ 11.  He argues that his Second Amended Complaint cured these deficiencies

and properly reinstated Moyer and Ulisny as Defendants.  Id. ¶ 12.

Defendants respond by arguing that "Plaintiff has not demonstrated a clear error of law or

any new evidence that would warrant reconsideration."  Def.'s Resp. ¶ 1.  Further, Defendants

allege that nothing in the Second Amended Complaint or any "new evidence" submitted with the

Motion for Reconsideration "suggests that Wendy Moyer and Kim Ulisny were personally

involved in any constitutional wrongdoing."  Id. ¶ 3.  Finally, Defendants assert that, "[t]o the

extent [P]laintiff proposes a further amendment based on Wendy Moyer's or Kim Ulisny's

handling of or responses to inmate grievances, such amendment would be futile."  Id. ¶ 4.

Because Moyer and Ulisny's status as Defendants should have been analyzed under the Third

Circuit's amendment rule, the Court's earlier ruling that they were dismissed with prejudice and

not properly reinstated as Defendants by the Second Amended Complaint was predicated upon

an error of law.  For this reason, Plaintiff's Motion must be granted.


## 2. DISCUSSION

This Court erred when deciding that Moyer and Ulisny were dismissed by Judge Savage

with prejudice and not reinstated as Defendants by the Second Amended Complaint.  The Court

should have analyzed this issue by applying the Third Circuit's amendment rule to the facts of

4

this case; specifically, the fact that Plaintiff, who has now been represented by counsel for nearly a year and a half, was still prosecuting this civil rights action *pro se* at the time Moyer and Ulisny were dismissed by Judge Savage.  Plaintiff's Motion will therefore be granted to correct this error of law.

## A.  Legal Standard for Motions for Reconsideration

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."  Doe v. Allentown Sch. Dist., 2008 U.S. Dist. LEXIS 74513, at *4-5 (E.D. Pa. Sept. 23, 2008) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)).  In order to prevail, the moving party must "show[] at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [entered judgment]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Doe, 2008 U.S. Dist. LEXIS 74513, at *5 (second alteration in original) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)); see Quinteros, 176 F.3d at 677 (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

"Federal district courts should grant such motions sparingly because of their strong interest in finality of judgment."  Slagan v. John Whitman & Assoc., Inc., 1997 U.S. Dist. LEXIS 14910, at *1-2 (E.D. Pa. Sept. 26, 1997) (quoting Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)).  The moving party is not permitted to "submit evidence in support of a reconsideration motion that was available prior to the court's judgment."  Peterson v. Brennan, 2004 U.S. Dist. LEXIS 11860, at *17 (E.D. Pa. June 15, 2004) (citing

Smith v. City of Chester, 155 F.R.D. 95, 97 (E.D. Pa. 1994)).  Furthermore, it is not appropriate

for the movant to "request that the court rethink a decision it has already made."  Peterson, 2004

U.S. Dist. LEXIS 11860, at *17 (citing Glendon Energy Co. v. Borough of Glendon, 836 F.

Supp. 1109, 1122 (E.D. Pa. 1993)).  Because Plaintiff alleges that the Court made errors of fact

and law and that reconsideration of the prior ruling is necessary to prevent manifest injustice,

reconsideration is appropriate and the merits of his argument must be addressed.


### B. THE AMENDMENT RULE IS APPLICABLE UNDER THE CIRCUMSTANCES

Courts in this jurisdiction have held that "when . . . dismissal is for a reason other than

lack of jurisdiction, improper venue, or failure to join a party, the dismissal is considered to be

with prejudice even if the judgment did not so specify."  Bosley v. The Chubb Inst., 516 F. Supp.

2d 479, 482-83 (E.D. Pa. 2007) (citing LeBeau v. Taco Bell, Inc., 892 F.2d 605, 607 (7th Cir.

1989)); see Bosley, 516 F. Supp. 2d at 482 (quoting Fed. R. Civ. P. 41(b)).  "The effect of a 'final

judgment on the merits of an action precludes the parties or their privities from relitigating issues

that were or could have been raised in that action.'"  Douris v. County of Bucks, 2001 U.S. Dist.

LEXIS 8194, at *11-12 (E.D. Pa. June 18, 2001) (quoting Federated Dep't Stores, Inc. v. Moitie,

452 U.S. 394, 399 n. 3 (1981)) (additional citations omitted).  It is this body of law upon which

the Court relied in its previous decision.  See Griffin-El, 2009 U.S. Dist. LEXIS 20651, at *31-32

(citations omitted).

It is noted that Bosley was not a civil rights case, and there is no indication that the

plaintiffs were at any time proceeding *pro se*.  Bosley, 516 F. Supp. 2d at 479-488.  The Douris

case contained discrimination claims in conjunction with a Section 1983 claim which was

dismissed for failure to plead facts that established a constitutional violation against the defendant at issue. Douris, 2001 U.S. Dist. LEXIS 8194, at *1-5, 8-9. The plaintiff in Douris was represented by counsel and nothing indicates that he at any time prosecuted his claim *pro se*. Id. at *1-5.

As an initial matter, courts "normally hold *pro se* complaints to a 'less stringent' standard than formal pleadings drafted by lawyers." Tillman v. Lebanon County Corr. Facility, 221 F.3d 410, 417 n. 5 (3d Cir. 2000) (citing Micklus v. Carlson, 632 F.2d 227, 236 (3d Cir. 1980)). Additionally, there is an "amendment rule" in the Third Circuit, which requires that "district courts must offer amendment--irrespective of whether it is requested--when dismissing a [civil rights] case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). The amendment rule is particularly applicable to *pro se* plaintiffs and retains vitality even though the heightened pleading requirement in civil rights cases from which the amendment rule emerged has since been "struck down" by the United States Supreme Court. Id. at 251-52 (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000)) (additional citations omitted).

The Court is not aware of any precedent which limits the amendment rule where a plaintiff has already filed one amended complaint. In fact, a review of the relevant case law reveals that more than one amendment may be required by the amendment rule under appropriate circumstances. For instance, in Nicholas v. Heffner, 228 Fed. Appx. 139 (3d Cir. 2007) (non-precedential), the plaintiff filed a civil rights complaint, "which he later amended," that was dismissed pursuant to "the favorable termination rule announced in Heck v. Humphrey, 512 U.S.

7

477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994)."  Nicholas, 228 Fed. Appx. at 140-41.  The

plaintiff later filed a second amended complaint which sought to add "new defendants and new

claims arising out of an [unrelated] incident."  Id. at 140.  The Third Circuit held that it was not

error for the district court to dismiss the second amended complaint because it asserted

"essentially a new action against new defendants with new claims arising out of a set of operative

facts that [were] unrelated to the factual claims in the original or Amended Complaints."  Id. at

141.  However, the Third Circuit noted that "[h]ad the Second Amended Complaint corrected a

deficiency in the Amended Complaint, its allowance might have been required under [Grayson],

absent any equitable considerations or the futility of the amendment."  Id. (citing Grayson, 293

F.3d at 108).

   In another non-precedential Third Circuit case, the plaintiff attempted to file a third

amended complaint seeking to reinstate deleted claims "by incorporating by reference

[plaintiff's] two prior pro se complaints."  Lynch v. City of Philadelphia, 194 Fed. Appx. 89, 92

(3d Cir. 2006).  The Third Circuit affirmed the district court's rejection of the third amended

complaint because counsel sought to incorporate claims that "were drafted by [plaintiff] pro se

that were not in compliance with the Federal Rules of Civil Procedure," and because in the three

months between the court's denial of leave to amend and the ultimate dismissal of the case

plaintiff "made no attempt to file a compliant third amended complaint despite the District

Court's invitation to do so in its [previous] order."  Id.  This language suggests that a third

amended complaint would have likely been proper had it complied with the Federal Rules of

Civil Procedure.  Id.; see also Jackson v. Commonwealth of Pennsylvania, 2008 U.S. Dist.

LEXIS 72030, at *1-3 (M.D. Pa. Sept. 11, 2008) (allowing a *pro se* civil rights plaintiff to file a

second amended complaint where he had previously "fail[ed] to state any facts"); Rhett v. New
Jersey State Super. Ct., 260 Fed. Appx. 513, 515-16 (3d Cir. 2008) (non-precedential) (affirming
dismissal of a second amended complaint where the *pro se* plaintiff acknowledged that he could
not assert his allegations "any clearer" despite the district court's instructions on how to comply
with the Federal Rules, because the facts indicated that any further amendment of his "rambling
pleadings" would have been futile).

As Plaintiff points out, Alston is especially instructive.  Pl.'s Mem. 3.  In Alston, the
plaintiff filed two civil rights actions which were eventually consolidated.  Alston, 363 F.3d at
231.  His complaints were "not models of clarity," but from them the Magistrate Judge to whom
the case was referred could discern two claims.  Id. The plaintiff had also filed a motion for the
appointment of counsel, and the district court appointed counsel "[f]our years later."  Id.  After
encountering issues locating plaintiff following his release from a psychiatric hospital, appointed
counsel attempted to effectuate service of the *pro se* complaint on defendants and notified the
court of these actions.  Id.  The district court dismissed the claims for lack of prosecution.  Id.

Counsel subsequently served three of the four defendants and filed a motion for
reconsideration of the court's previous decision dismissing the case, which the district court
granted and reinstated the case.  Id. at 232.  Defendants filed a motion to dismiss pursuant to
Federal Rule of Civil Procedure 12(b)(6), which the court granted because it found that plaintiff's
complaint was "fatally defective."  Id.  The district court "held that Alston had sufficient notice
of this pleading defect, referring to the Magistrate Judge's [previous] admonition . . . that the
allegations lacked factual support."  Id.  The court's "order did not specify whether the dismissal
was with or without prejudice," but the Third Circuit treated it "as an 'adjudication upon the

9

merits'" pursuant to Federal Rule of Civil Procedure 41(b).  Id.  The Third Circuit reversed, holding that the district court erred when it applied a heightened pleading requirement and when it dismissed the complaint "with prejudice and without leave to amend."  Id. at 237.  The case was remanded to the district court to determine whether "a curative amendment would be inequitable, futile, or untimely," and whether the addition of a new defendant would "relate back" to the original complaint.  Id. at 236.

The Court does not see any meaningful distinction between Alston and the facts of this case.  Plaintiff was granted one chance to amend his Complaint *pro se*, after which Judge Savage dismissed Moyer and Ulisny due to Plaintiff's failure to make any allegations against them.  The dismissal order did not specify whether Moyer and Ulisny were dismissed with prejudice.  However, under the Third Circuit's amendment rule, a curative amendment was required so long as the amendment would not prove inequitable, futile, or untimely.  See Fletcher-Harlee Corp., 482 F.3d at 251.  Notably, counsel in Alston served the *pro se* complaint on the defendants after entering its appearance, and the Third Circuit **still** held that a curative amendment was required absent any futility, inequity, or untimeliness that the district court might find on remand.  Alston, 363 F.3d at 232, 236-37.  In this case, Moyer and Ulisny were dismissed **before** counsel entered their appearance and sought leave to file the Second Amended Complaint, which they drafted.  In the Court's view, this distinction provides an even stronger argument that a curative amendment was required in this case so that counsel could correct the deficiencies in the Amended Complaint, and the Court does not see Plaintiff's prior filing of one *pro se* Amended Complaint as any barrier to the application of the amendment rule under these circumstances.  See Nicholas, 228 Fed. Appx. at 141 (citing Grayson, 293 F.3d at 108).

10

When Plaintiff filed his Motion for leave to file the Second Amended Complaint, counsel attached the proposed Second Amended Complaint, which is required in non-civil right cases "so [the court] can determine whether amendment would be futile." Fletcher-Harlee Corp., 482 F.3d at 252-253 (citations omitted).  In the Motion, Plaintiff's counsel specifically requested "leave to file a Second Amended Complaint **to clarify and/or qualify** the causes of action brought by [Plaintiff] against Defendants . . . ."  Pl.'s Mot. for Leave to File Second Am. Compl. ¶ 6 (emphasis added).  Defendants did not oppose this Motion, provided they would have a chance to file a Motion to Dismiss pursuant to Federal Rule of Procedure 12(b)(6).  Id.  ¶ 8.  As previously noted, Plaintiff again named Moyer and Ulisny as Defendants in the Second Amended Complaint.  Second Am. Compl. ¶¶ 11, 20.

It was error for this Court to focus solely on whether the previous dismissal was an adjudication on the merits.  The Court finds that our earlier finding that Moyer and Ulisny were not reinstated as Defendants by the Second Amended Complaint ran afoul of the amendment rule and the Third Circuit's holding in Alston.  The Second Amended Complaint naming Moyer and Ulisny as Defendants was properly filed pursuant to the amendment rule because Plaintiff sought to "correct[] a deficiency in the Amended Complaint."  See Nicholas, 228 Fed. Appx. at 141 (citing Grayson, 293 F.3d at 108).  Plaintiff's language in his Motion seeking to "clarify and/or qualify the causes of action" supports such a finding.  Indeed, Plaintiff provided Judge Savage with his proposed Second Amended Complaint, after which Judge Savage granted the Motion and deemed the Second Amended Complaint as filed.  Even though Defendants reserved their right to later move to dismiss the Second Amended Complaint, that does not alter the analysis on the specific issue of whether the curative amendment permitted by Judge Savage could reinstate

11

Moyer and Ulisny as Defendants in this civil rights action.

### C.  The Pleadings are Sufficient Against Moyer and Ulisny

Defendants make no attempt to distinguish this case from <u>Alston</u> and do not argue that the amendment rule was inapplicable.  Instead, they raise a host of arguments that essentially challenge the sufficiency of the pleadings against Moyer and Ulisny.  Specifically, Defendants argue that: (1) Plaintiff does not allege sufficient facts regarding Moyer nor Ulisny's personal involvement in any constitutional violations; (2) the "new evidence" attached to Plaintiff's Motion does not prove personal involvement on the part of Moyer nor Ulisny; and (3) "[t]o the extent [P]laintiff proposes a further amendment," it would be futile.  Def.'s Resp. ¶¶ 2-4.

A plaintiff must allege "the conduct, time, place, and persons responsible" in order to sustain a cause of action in a civil rights suit.  <u>Evancho v. Fisher</u>, 423 F.3d 347, 353 (3d Cir. 2005) (citations omitted).  Defendants argue that Plaintiff has merely made bald assertions that Moyer and Ulisny "directed, participated in, assisted, or consented to violations of Plaintiff's rights," which are insufficient to satisfy the standard set forth in <u>Evancho</u>.  Def.'s Resp. Mem. 3; <u>see also</u> Second Am. Compl. ¶¶ 11, 20.  Viewing this language in a vacuum, it does appear to be a bald assertion.  However, when reading the remainder of the Second Amended Complaint, Plaintiff has alleged quite a detailed course of events in which he claims Moyer and Ulisny were involved.  In <u>Evancho</u>, an employee of the Commonwealth of Pennsylvania Bureau of Narcotics Investigation and Drug Control alleged that she received a demotion in violation of her civil rights, and the Third Circuit held that the Attorney General was properly dismissed because the amended complaint failed to allege any involvement, direction, knowledge, or acquiescence on

12

his part.  Evancho, 423 F.3d at 348, 353.  Here, while the Court notes that Plaintiff's factual

allegations against Moyer and Ulisny are tenuous, he at least contends that they were personally

involved in the events that allegedly violated his civil rights.

       Defendants also argue that Moyer, as the Grievance Coordinator at SCI-Graterford,

cannot be held liable under Section 1983 because "grievances are insufficient to impute

knowledge to a defendant" and "[e]ven an allegation that a prison administrator mishandled an

inmate's grievance fails to state a claim."  Def.'s Resp. Mem. 5 (citations omitted).  However,

Defendants fail to acknowledge that a plaintiff may bring a Section 1983 claim which alleges that

prison officials took retaliatory action against him for exercising his constitutional right to file a

grievance.  See Allah v. Al-Hafeez, 208 F. Supp. 2d 520, 535 (E.D. Pa. 2002) (citations omitted)

("both filing a lawsuit and filing grievances are protected activities"); see also Royster v. Beard,

2009 U.S. App. LEXIS 1364, at *6-8 (3d Cir. Jan. 22, 2009) (non-precedential) (upholding

summary judgment on a claim that the plaintiff was retaliated against for filing grievances

because he failed to establish causation, the third prong of the test for retaliation (citing Rauser v.

Horn, 241 F.3d 330, 333 (3d Cir. 2001))); Brooks v. DiGuglielmo, 2008 U.S. Dist. LEXIS

99776, at *35-42 (E.D. Pa. Dec. 9, 2008) (citations omitted) (granting summary judgment on a

claim that the plaintiff was retaliated against for "exercising his *First Amendment* right to file a

grievance" because he failed to establish the causation prong of the Rauser retaliation test).[2]

       The cases cited by Defendants are distinguishable.  For example, in both Smith v.

O'Boyle, 251 Fed. Appx. 87, 88-90 (3d Cir. 2007) (non-precedential) and Brooks v. Beard, 167

---

    [2]Notably, both Royster and Brooks were decided on summary judgment rather than on the
pleadings.  See Royster, 2009 U.S. App. LEXIS 1364, at *6-8; Brooks, 2008 U.S. Dist. LEXIS
99776, at *35-42.

Fed. Appx. 923, 924-926 (3d Cir. 2006) (non-precedential), the plaintiffs were only raising claims of inadequate medical treatment in violation of the Eighth Amendment.[3]  In Smith, the Third Circuit held that certain defendants were properly dismissed, reasoning that "[p]rison officials who are not physicians are entitled to defer to the medical judgment of staff physicians." Smith, 251 Fed. Appx. at 89 (citing Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993)).  The Third Circuit further explained that "an administrator does not become responsible for the inmate's medical treatment simply by virtue of reviewing an inmate grievance," and additionally found that the plaintiff failed to establish that the defendants behaved with deliberate indifference.  Smith, 251 Fed. Appx. at 89-90 (citations omitted).  Likewise, in Brooks, the Third Circuit reasoned that "[a]lthough the complaint alleges that Appellees responded inappropriately to [plaintiff's] later-filed grievances about his medical treatment, these allegations do not establish Appellees' involvement in the treatment itself," and also found that, in any event, the plaintiff had failed to establish deliberate indifference on the part of defendants.  Brooks, 167 Fed. Appx. at 925.

There have been no Eighth Amendment claims brought in this litigation.  Here, Plaintiff has alleged, among other things, that he was retaliated against for exercising his First Amendment rights and that his Fourteenth Amendment due process rights were violated.  See Second Am. Compl. ¶¶ 88-91, 92-95.  Therefore, the grievance process in this case is directly involved with at least some of Plaintiff's alleged constitutional violations and he is not complaining of actions that took place "after the fact;" that is, after the underlying constitutional

---

[3]The plaintiff in Brooks also brought a claim for negligence under state law.  Brooks, 167 Fed. Appx. at 924.

14

violations took place.  While any constitutional violation on the part of Moyer, if proven, would have necessarily occurred after the searches of Plaintiff's cell, the searches are not the only actions he challenges as unconstitutional in his Second Amended Complaint.  The <u>Smith</u> and <u>Brooks</u> cases were limited to whether the defendants provided inadequate medical care and the plaintiffs in those cases asserted no claims which implicated the grievance process itself.  The lack of any involvement in the actual Eighth Amendment violations supported dismissal of the defendants who were alleged to have mishandled the plaintiffs' grievances "after the fact."  This distinction renders those cases distinguishable.  Therefore, the Court finds that at this juncture, Plaintiff has pled sufficient facts to sustain a cause of action against Moyer.

Similarly, the Court is not persuaded by Defendants' reliance on <u>Baraka v. McGreevey</u>, 481 F.3d 187, 210 (3d Cir. 2007) to support the proposition that Plaintiff should be barred from taking additional discovery to determine the extent of Moyer and Ulisny's involvement in this case.  Def.'s Resp. Mem. ¶ 5 (citation omitted).  As an initial matter, the Court notes that the Third Circuit "has long recognized the importance of discovery in the successful prosecution of civil rights complaints."  <u>Alston</u>, 363 F.3d at 232 (citing <u>Colburn v. Upper Darby Twp.</u>, 838 F.2d 663, 666 (3d Cir. 1988) (abrogated on other grounds by <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163 (1993))); <u>see also</u> <u>Colburn</u>, 838 F.2d at 666 (quoting <u>Frazier v. Southeastern Pa. Transp. Auth.</u>, 785 F.2d 65, 68 (3d Cir. 1986)).  Second, <u>Baraka</u> is distinguishable because the plaintiff in that case brought a claim against "various unknown government defendants," alleging that they "were part of 'a concerted campaign . . . to remove or terminate [him] from his state position.'"  <u>Baraka</u>, 481 F.3d at 210.  The Third Circuit held that the claims against these unknown defendants were properly dismissed despite plaintiff's

contention that he could "shed light on [d]efendants' actions" upon the taking of discovery.  Id. The Third Circuit noted that plaintiff failed to "allege specific, personal involvement on the part of the unknown defendants," and held that his "vague references to the conduct of the unknown defendants [were] insufficient to constitute allegations that state a claim."  Id.

　　　　While Plaintiff's claims against Moyer and Ulisny are tenuous, his pleadings do not rise to the level of vagueness and insufficiency as those in Baraka.  He has identified specific Defendants that he alleges were involved in the claimed constitutional violations.  Therefore, the Court finds that Defendants' arguments as to the veracity of the claims against Moyer and Ulisny would be better addressed at summary judgment.  When the Court previously denied Defendants' Motion to Dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), the order was entered without prejudice to Defendants to raise their arguments at summary judgment.  See Order dated 9/22/08 ¶ 7 (Doc. No. 66).  Under these circumstances, it is proper to proceed accordingly with respect to Moyer and Ulisny.  Therefore, Moyer and Ulisny must file an Answer to the Second Amended Complaint and must respond to discovery requests. Like their co-defendants, Moyer and Ulisny are without prejudice to raise their arguments at summary judgment.[4]

---

[4]Because the Court finds that reconsideration is necessary to correct an error of law, the Court need not address whether it should be granted to prevent manifest injustice.  Additionally, the Court does not interpret Plaintiff's Motion as seeking leave to file a Third Amended Complaint; therefore, the Court need not address Defendants' argument that a further amendment would be futile.

### 3. CONCLUSION

Reconsideration of paragraph 4 of the Court's prior order is necessary to correct an error of law because the Court should have applied the amendment rule when analyzing whether Moyer and Ulisny were reinstated as Defendants in this action by the Second Amended Complaint.  At this juncture, Plaintiff's Second Amended Complaint is sufficient to sustain a cause of action against Moyer and Ulisny.  Therefore, Moyer and Ulisny must file an Answer to the Second Amended Complaint and must respond to discovery requests.  Defendants, however, are without prejudice to raise their arguments regarding the veracity of the claims against them at summary judgment.  An appropriate order will be set forth separately.