IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| K. KABASHA GRIFFIN-EL<br>a/k/a KEITH FEDELE GRIFFIN,<br>     Plaintiff, | : <br> : <br> : <br> : <br> : | CIVIL ACTION |
| v. | : <br> : <br> : | |
| JEFFREY A. BEARD, et al.,<br>     Defendants. | : <br> : | NO.  06-2719 |

## MEMORANDUM AND OPINION

L. FELIPE RESTREPO                                                                                                    MAY 29, 2009
UNITED STATES MAGISTRATE JUDGE

      In this civil rights lawsuit filed pursuant to 42 U.S.C. § 1983, the parties are at odds over certain Defendants for whom process was never properly served.  Presently before the Court is Plaintiff's letter to the Court dated 5/13/09 requesting service of process on C.C. Smith, Gerald Galinski, Francis Feild, William Banta, and Robert Bitner (Doc. No. 94), Defendants' letter in response thereto dated 5/14/09 (Doc. No. 95), and Plaintiff's reply letter dated 5/14/09 (Doc. No. 93).  The Court has also heard arguments on this issue from counsel during a previous telephone conference.  Because the Court finds it appropriate to re-direct the United States Marshals Service to effectuate service of process upon Defendants Smith, Galinski, Feild, Banta, and Bitner, Plaintiff's request is granted.

1. BACKGROUND

Plaintiff initiated this action *pro se* after being granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 by the Honorable Timothy J. Savage.  See Order dated 8/1/06 ¶ 1 (Doc. No. 4).  Judge Savage further ordered that the United States Marshals issue summonses to the Defendants in the event that waivers of service were not returned.  Id. ¶ 4.  An Amended Complaint was subsequently filed on February 16, 2007.  See Amended Compl. (Doc. No. 17).  During the pendency of Defendants' Motion to Dismiss the Amended Complaint, Plaintiff filed a Motion for appointment of counsel (Doc. No. 25), which Judge Savage granted.  See Order dated 7/3/07 (Doc. No. 27).  Counsel for Plaintiff entered their appearance on November 2, 2007.  See Entries of Appearance dated 11/2/07 (Doc. Nos. 44, 45).  Plaintiff's counsel filed a Motion for leave to file a Second Amended Complaint, with the proposed Second Amended Complaint attached thereto (Doc. No. 49).  Judge Savage granted Plaintiff's Motion and deemed the Second Amended Complaint as filed on that date.  See Order dated 12/26/07 (Doc. No. 50).

For whatever reason, waivers of service were never returned for C.C. Smith, Gerald Galinski, Francis Feild, William Banta, and Robert Bitner.  Pl.'s letter dated 5/13/09.  Additionally, summonses were never issued to these individuals.  Id.  Because Plaintiff is proceeding *in forma pauperis*, he requests that the Court now effectuate service on these individuals.  Id.  Defendants object, arguing that "[a]llowing plaintiff's counsel to make service now, over a year after the expiration of the 120 day period for service, without a showing of good cause, will unduly prejudice the [other] 17 defendants . . . ."  Def.'s letter dated 5/14/09, at 2.

## 2. Discussion

Plaintiff argues that he is entitled to rely on the district court to effectuate service on the five Defendants at issue because he is proceeding *in forma pauperis* in this matter. See Pl.'s letter dated 5/13/09 (citing Abuhouran v. Acker, 2005 WL 1532496, at *3 (E.D. Pa. June 29, 2005)); see also Fed. R. Civ. P. 4(c).[1] Plaintiff provides no explanation as to why these five defendants were not issued summons when waivers were not returned. Pl.'s letter dated 5/13/09, at 2. Defendants distinguish Abuhouran from the present case because the plaintiff in Abuhouran was proceeding both *in forma pauperis* and *pro se*. Def.'s letter dated 5/14/09 (citing Abuhouran, 2005 WL 1532496, at *1 and n.2). Because Plaintiff filed his Second Amended Complaint after counsel was appointed to represent him, Defendants urge the Court to apply Rule 4(m), which requires that service be made within 120 days of the filing of the complaint. Def.'s letter dated 5/14/09; see also Fed. R. Civ. P. 4(m).

Defendants emphasize that Plaintiff has not explained why he has failed to effectuate service within 120 days of the filing of the Second Amended Complaint. Def.'s letter dated 5/14/09. Defendants further argue that Rule 4(m) requires a showing of more than just lack of prejudice to Defendants to establish good cause for late service. Id. (quoting MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995)). Plaintiff responds by arguing that Abuhouran emphasized the *in forma pauperis* status of the plaintiff rather than the plaintiff's *pro se* status in applying Rule 4(c). Pl.'s reply letter dated 5/14/09 (citing Abuhouran, 2005 WL

---

[1] Rule 4(c)(3) provides that "At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court **must** so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916." Fed. R. Civ. P. 4(c)(3) (emphasis added).

1532496).

Neither party has cited any cases where a court applied Rule 4(c) where a plaintiff was proceeding *in forma pauperis* but with the assistance of appointed counsel.  In any event, even if Rule 4(c) were inapplicable due to the fact that Plaintiff is now represented by counsel, it would not be dispositive of this matter.  Even under Rule 4(m), the Court would still have discretion in this instance.  Under Rule 4(m), a motion for an extension of time for service is evaluated pursuant to a two-step inquiry: first, the court "should determine whether good cause exists for an extension of time;" and second, if there has been no good cause established, "the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." MCI Telecomm. Corp., 71 F.3d at 1098 (citing Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995)).  "The expiration of the statute of limitations does not prohibit the district court from extending the time for service."  MCI Telecomm. Corp., 71 F.3d at 1098 (citing Petrucelli, 46 F.3d at 1305-06).  Here, the statute of limitations is now expired.  See Egnotovich v. Greenfield Twp. Sewer Auth., 304 Fed. Appx. 94, 98 (3d Cir. 2008) (non-precedential) (citing 42 Pa. Cons. Stat. Ann. § 5524(2); Wilson v. Garcia, 471 U.S. 261, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985)) (finding that Pennsylvania's two-year statute of limitations for personal injury actions applies to federal lawsuits commenced pursuant to 42 U.S.C. § 1983).

The Third Circuit has emphasized that the district court has discretion under Rule 4(m) to extend the time for service even if the plaintiff fails to show good cause to excuse late service. Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997) (citing Petrucelli, 46 F.3d at 1307).  In Boley, the Third Circuit held that the district court erred when it found that the defendant would be prejudiced by an extension of time for the plaintiff to effectuate service where the statute of

limitations had expired.  Boley, 123 F.3d at 758-760.  It is noted that in the Boley case, the plaintiff provided "no explanation for his delay in making service."  Id. at 758.  The Third Circuit reasoned that "the running of the statute of limitations is a factor supporting the discretionary *granting* of an extension of time to make service under *Rule 4(m)*," and "it is not a factor that standing alone supports a finding of prejudice to the defendant."  Id. at 759 (emphasis in original).  The Third Circuit further explained that "prejudice 'involves impairment of defendant's ability to defend on the merits, rather than foregoing such a procedural or technical advantage.'"  Id. (quoting National Union Fire Ins. Co. v. Barney Assoc., 130 F.R.D. 291, 294 (S.D.N.Y. 1990)).  Situations where witnesses later become unavailable or evidence has been destroyed are examples of instances where a defendant's ability to defend a case on its merits would be impaired.  Boley, 123 F.3d at 759 (citing Gowan v. Teamsters Union (237), 170 F.R.D. 356, 360 (S.D.N.Y. 1997)) (additional citations omitted).  Finally, the Third Circuit explained that "actual notice to a defendant that an action was filed militates against a finding of prejudice."  Boley, 123 F.3d at 759 (citing Dominic v. Hess Oil V.I. Corp., 841 F.2d 513, 517 (3d Cir. 1988)) (additional citation omitted).

Assuming *arguendo* that Rule 4(m) applies, the Court finds at the first step of the analysis that Plaintiff has not shown good cause because he has not explained why counsel has not taken steps to ensure that service was effectuated upon Defendants Smith, Galinski, Feild, Banta, and Bitner in a timely fashion.  At step two of the Rule 4(m) inquiry, the Court finds that it is appropriate to grant a discretionary extension of time for service to be effectuated upon these contested Defendants.  The statute of limitations would bar the refiling of suit against these Defendants, and extending the time for service will ensure that this matter receives a complete

resolution on its merits.  Second, while there is no evidence that the Defendants at issue are on notice that this lawsuit is pending, the Court notes that Defendants have produced no evidence that their ability to defend this action "on the merits" will be impaired if an extension of time is granted.  See Boley, 123 F.3d at 759 (citation omitted).  For instance, there is no claim that evidence has been or will be lost or destroyed and there is no indication that witnesses have now become unavailable.  Id. (citing Gowan, 170 F.R.D. at 360).

Defendants argue that the remaining Defendants will be prejudiced in their efforts to obtain a "prompt resolution" of this matter.  See Def.'s response letter dated 5/14/09.  While Defendants may be eager to resolve this matter, they have not made the requisite showing that their ability to defend this case **on the merits** will be prejudiced by granting Plaintiff an extension of time to effectuate service on the five Defendants at issue.  As Plaintiff points out, this case "is still in the document production stage," and "[n]o depositions have been taken." Pl.'s reply letter dated 5/14/09, at 2.  It appears that there has been a great deal of confusion regarding the status of Defendants Smith, Galinski, Feild, Banta, and Bitner.  Therefore, the Court finds it appropriate under the circumstances to re-direct the United States Marshals Service to effectuate service pursuant to the terms contained in the corresponding Order.

### 3. Conclusion

The Court finds that regardless of whether we are required to effectuate service pursuant to Rule 4(c) or whether a discretionary extension of time for service is proper under Rule 4(m), the appropriate resolution in this case is to re-direct the United States Marshals to effectuate service on C.C. Smith, Gerald Galinski, Francis Feild, William Banta, and Robert Bitner.

Plaintiff's counsel must exercise due diligence to facilitate the United States Marshals in doing so.[2]  An appropriate Order will be set forth separately.

---

[2]Counsel for **both** parties are **strongly** encouraged to work together to quickly resolve this issue and provide the United States Marshals with all the necessary information to efficiently make service.  The Court is confident that counsel will make all reasonable efforts to facilitate service so that the discovery process will not be unnecessarily delayed.