Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Larry L. Turner**
215.963.5017
lturner@MorganLewis.com

August 6, 2009

**VIA E-MAIL**

The Honorable L. Felipe Restrepo
United States District Court, Eastern District of Pennsylvania
Room 3038, U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re: <u>Griffin-El v. Beard, et al., Civ. A. No. 06-2719 (E.D. Pa.)</u>

Dear Judge Restrepo:

I write to address Defendants' continued insistence upon the legally unwarranted claims advanced in their Motion to Disqualify Plaintiff's Counsel (the "Motion"), and reiterated in Defendants' Reply to Plaintiff's Response to the Motion (the "Reply"). Specifically, Defendants continue to argue that Plaintiff's Counsel should be disqualified for failing to avoid even the appearance of impropriety, even though this claim is wholly unsupported by existing law. See Plaintiff's Opposition to the Motion (the "Opposition") at 10-11.

As an initial matter, Defendants cite no new authority in the Reply to support their claims that Plaintiff's Counsel violated Pennsylvania Rule of Professional Conduct ("PRPC") Rule 1.7 (relating to concurrent conflicts of interest) or Rule 4.2 (relating to communications with represented persons). Defendants, however, bear the burden of "clearly showing" that disqualification is appropriate, and they have cited no authority supporting their claims. Indeed, Defendants appear to have conceded that there is no "technical" violation of the PRPC. Reply at 2.

Thus, Defendants base their Motion on the meritless appearance-of-impropriety argument. Yet, as noted in Plaintiff's Opposition, "the PRPC has no rule regarding an alleged 'appearance of impropriety.'" Opposition at 10-11. Rather than addressing the fact that there is no rule in the PRPC regarding the appearance of impropriety, Defendants inexplicably argue that "[f]ailing to avoid even the appearance of impropriety is grounds for disqualification." Reply at 5.

The Honorable L. Felipe Restrepo
August 6, 2009
Page 2


Morgan Lewis
COUNSELORS AT LAW

Indeed, since April 1, 1988, Pennsylvania has not recognized the appearance-of-impropriety rule. The rule regarding the appearance of impropriety was Canon 9 of the Rules of Professional Responsibility, which was superseded when the Pennsylvania Supreme Court adopted the PRPC on October 16, 1987, effective April 1, 1988. See 1989 Pocket Part to Title 42 of Purdon's PA Cons. Stat. Ann., Code of Professional Responsibility at 21, attached hereto as Exhibit A. The PRPC, as enacted in 1987, no longer has a rule relating to the appearance of impropriety. See Id. at 24, attached hereto as Exhibit B.

Defendants cite one case in their Reply that was not cited in their opening brief to support their appearance-of-impropriety argument. Reply at 5 (citing Willis v. Carroll Twnsp., No. 1:07-cv-0949, 2008 WL 3200712 (M.D. Pa. Aug. 5, 2008)). Willis relied upon the 1978 decision in IBM Corp. v. Levin, 579 F.2d 271, 283 (3d Cir. 1978). Willis, 2008 WL 3200712, at *1 n. 4. In 1978, however, Canon 9 was still in effect and the Eastern District of Pennsylvania followed the American Bar Association's Model Rules Professional Conduct, rather than the PRPC. See Opposition at 10-11. Willis, moreover, is distinguishable because the court there found that "a concurrent conflict of interest does exist because Attorney Sherr's representation of plaintiff is 'directly adverse' to his representation of Dauphin Borough . . . ." Willis, 2008 WL 32000712 at *1 (emphasis added).

The clear and unambiguous language of the rules upon which Defendants allegedly rely do not support their allegations that Plaintiff's Counsel violated the PRPC. In the Reply, Defendants failed to offer any authority to the contrary and, instead, rely upon an outdated rule that is no longer good law. Plaintiff, therefore, respectfully requests that this Court deny Defendants' unwarranted and frivolous Motion.

Respectfully submitted,

Larry L. Turner

cc:   Beth Smith, Esquire (via e-mail only)

# EXHIBIT A

C1

# PURDON'S PENNSYLVANIA CONSOLIDATED STATUTES ANNOTATED

### Title 42
### Rules of Civil Procedure
Rules 2326 to End

### Code of Professional Responsibility
### Rules of Professional Conduct

## 1989
## Cumulative Annual Pocket Part

### For Use In 1989–1990

Replacing 1988 pocket part in back of volume

**Includes amendments received to March 14, 1989**

Philadelphia, Pa.  　　　　St. Paul, Minn.
**George T. Bisel Company**　　**West Publishing Co.**

| Left column (partially cut off) | Right column |
|---|---|

**:SSIONAL RESPONSIBILITY**

a Client

at lawyer may represent multiple clients in
ion likely to involve him in representing
ent interests if it is obvious lawyer can ade-
ly represent interests of each and each con-
after full disclosure. Office of Disciplinary
sel v. Wittmaack, 522 A.2d 522, 513 Pa. 609,

urchase of client's property at judicial sale

orney's conduct in self-dealing with, and
asing of, his own client's property at fore-
e sale violated canons of professional ethics,
ling Code of Prof.Resp.DR 5-103 governing
ition of interest in litigation, DR 5-104
ig business relations with client, and code of
sional responsibility rule to be effective in
governing conflict of interest and prohibit-
nsactions. In re Tigue, 1988, 82 B.R. 724.

**Employment if the Interests of**
pendent Professional Judgment of

onsent

t that clients sign multiple representation
nent does not constitute waiver of their
aint with respect to attorney's representa-
f both sides involved in real estate transac-
but rather, is merely evidence to be con-
d with respect to substantive question of
er attorney made proper disclosures and
d proper consent to multiple representation
clients. Office of Disciplinary Counsel v.
iaack, 522 A.2d 522, 513 Pa. 609, 1987.

irpose

motion of attorney's undivided loyalty and
in representing interests of client is design
iplinary rules prohibiting attorney from ac-
g employment if his professional judgment
e affected by his own interests unless client
its after full disclosure, prohibiting attorney
ntering into business transaction with client
have different interests unless client has
ited after full disclosure, requiring attorney
line proffered employment if his professional
ent is likely to be adversely affected by
ance of proffered employment, and provid-
at lawyer may represent multiple clients in
on likely to involve him in representing
nt interests if it is obvious lawyer can ade-
y represent interests of each and each con-
ifter full disclosure. Office of Disciplinary
el v. Wittmaack, 522 A.2d 522, 513 Pa. 609,

:nction

>etition for discipline will be dismissed
while there was an admitted technical
on of this disciplinary rule in that accepted
>ractice case against a law firm which he
inted in collection cases without discussing
ither client the exercise of the attorney's
ndent professional judgment on its behalf,
d not obtain its consent to be in the mal-
e case, the attorney immediately withdrew

---

from the collection matter. In Re Anonymous No. 10 D.B. 86, 43 D. & C.3d 547, 1987.

**10. Disqualification of law firm**

If attorney who debtor had consulted about possibility of filing bankruptcy and options in bankruptcy for dealing with creditors were disqualified, law firm that attorney had later joined would also have to be disqualified from representing the creditors in bankruptcy case, where firm admitted that the attorney was not properly screened from participation in bankruptcy case. In re Highway Truck Drivers and Helpers Local Union No. 107, 1988, 86 B.R. 404.

## Canon 7

### A Lawyer Should Represent a Client Zealously Within the Bounds of the Law

#### Supersedure

*The Code of Professional Responsibility is superseded, for professional misconduct occurring after March 31, 1988, by the Rules of Professional Conduct, post, adopted October 16, 1987 by the Supreme Court of Pennsylvania, effective April 1, 1988. However, the order adopting the Rules of Professional Conduct provides that professional misconduct occurring on or before March 31, 1988 shall be governed by the present Code of Professional Responsibility, which is continued in full force and effect as grounds for disciplinary action.*

### DISCIPLINARY RULES

**DR 7-101. Representing a Client Zealously**

Notes of Decisions

Neglect 3

---

**3. Neglect**

An attorney who neglects a legal matter and fabricates a letter to the client to deceive disciplinary counsel violates Rules of Prof.Resp. DR 1-101(A)(3), DR 1-102(A)(3)(4), (5) and (6), DR 7-101(A)(1), (2), and the attorney will receive a public censure. In re Anonymous No. 96 D.B. 85, 44 D. & C.3d 326, 1987.

An attorney who neglects a legal matter and fabricates a letter to the client to deceive disciplinary counsel violates DR 1-101(A)(3), DR 1-102(A)(3)(4), (5) and (6), DR 7-101(A)(1), (2), 42 Pa.C.S.A., and the attorney will receive a public censure. In re Anonymous No. 96 D.B. 85, 44 D. & C.3d 326, 1987.

**DR 7-102. Representing a Client Within the Bounds of the Law**

Notes of Decisions

Conduct of criminal defense 3

---

**3. Conduct of criminal defense**

Protection of right to competent counsel is sacred and respected right in Commonwealth, but that right was never intended to embrace license for defense counsel to subvert fact finding process by intentional acts, to provide basis for subsequent finding that counsel was ineffective. Com. v. Bolden, 534 A.2d 456, 517 Pa. 10, 1987.

Although criminal defense counsel is not under same constraint to disclose information unfavorable to his client as is prosecution, since he is not responsible for conducting or furthering prosecution, defense counsel is nevertheless under same restraint not to deliberately distort facts to create defenses not legitimately raised under facts of the case. Com. v. Bolden, 534 A.2d 456, 517 Pa. 10, 1987.

## Canon 9

### A Lawyer Should Avoid Even the Appearance of Professional Impropriety

#### Supersedure

*The Code of Professional Responsibility is superseded, for professional misconduct occurring after March 31, 1988, by the Rules of Professional Conduct, post, adopted October 16, 1987 by the Supreme Court of Pennsylvania, effective April 1, 1988. However, the order adopting the Rules of Professional Conduct provides that professional misconduct occurring on or before March 31, 1988 shall be governed by the present Code of Professional Responsibility, which is continued in full force and effect as grounds for disciplinary action.*

**Canon 9**
DR 9–101

PROFESSIONAL RESPONSIBILITY

DISCIPLINARY RULES

DR 9–101. Avoiding Even the Appearance of Impropriety

### Notes of Decisions

Former representation of adversary 6

---

**6. Former representation of adversary**

Civil assault plaintiff's law firm was not disqualified because one of its partners had previously represented the defendant, a city agency, where defendant failed to demonstrate any connection between current lawsuit and any matter over which law firm's partner had exercised control during his employment; partner's acquisition of superior knowledge of agency's administrative procedures was not sufficient to warrant disqualification. Caracciolo v. Ballard, 1988, 687 F.Supp. 159.

DR 9–102. Preserving Identity of Funds and Property of a Client

### Notes of Decisions

**2. Disbarment, in general**

An attorney who, as the administrator of a deceased's estate, commingles and converts estate funds, fails to account accurately therefor and engages in deceptive fee charging and fraudulent tax appeals violates Code of Prof.Resp. DR 1–102(A)(3), (4), (5) and (6); 6–101(A)(3); 7–101(A)(2); 7–102(A)(2); 9–102(A); and 9–102(B)(3) and (4), 42 Pa.C.S.A., and will be disbarred. In re Anonymous No. 22 D.B. 85, 45 D. & C.3d 249, 1986.

**4. Forgery**

An attorney who submits to an insurer a release bearing a forged signature, who negotiates a draft over a forged endorsement, who commingles and who converts the proceeds for his own benefit violates Code of Prof.Resp. DR 1–102(A)(3), (4) and (6); 9–102(B)(1) and (4), 42 Pa.C.S.A., and will be disbarred. In re Anonymous No. 22 D.B. 85, 45 D. & C.3d 249, 1986.

An attorney who forges the clients' signature on a release and settlement draft, and fails to deposit another client's funds in an escrow account, violates DR 1–102(A)(4) and (6) and 9–102(A) and (B)(3) and the attorney will be suspended from the practice of law for two years; a seven-year delay in the prosecution is considered as a mitigating factor. In Re Anonymous No. 16 D.B. 85, 43 D. & C.3d 293, 1987.

---

## RULES OF PR[OFESSIONAL CONDUCT]

Adop[ted]

Eff[ective]

*Adopted October 16, 1987, effective April 1, 1988*

The order adopting the [rules provides], in part, that:

1. The Rules of Professio[nal Conduct] in the form attached heret[o, replace the] Code of Professional Respon[sibility.] Professional Conduct.

2. This order shall take ef[fect...] of Professional Conduct shal[l...] Responsibility.

3. The Rules of Profession[al Conduct apply] to professional misconduct o[ccurring...] misconduct shall be governe[d... Re-] sponsibility, which is contin[uing...] disciplinary action, as if thi[s...]

### PREAMBLE: A LAWYER'[S] RESPONSIBILITIES
### SCOPE
### TERMINOLOGY
### CLIENT-LAWYER RELATION[SHIP]

Rule
1.1. Competence.
1.2. Scope of Representation.
1.3. Diligence.
1.4. Communication.
1.5. Fees.
1.6. Confidentiality of Informati[on.]
1.7. Conflict of Interest: G[eneral] Rule.
1.8. Conflict of Interest: Pro[hibited] Transactions.
1.9. Conflict of Interest: F[ormer] Client.
1.10. Imputed Disqualification: [Gener-] al Rule.
1.11. Successive Government an[d Pri-] vate Employment.
1.12. Former Judge or Arbitra[tor or] Law Clerk.
1.13. Organization as Client.
1.14. Clients Under a Disability.
1.15. Safekeeping Property.
1.16. Declining or Terminating [Repre-] sentation.

### COUNSELOR

2.1. Advisor.
2.2. Intermediary.
2.3. Evaluation for Use by a Thir[d Per-] son.

22

# EXHIBIT B

C/

# PURDON'S PENNSYLVANIA CONSOLIDATED STATUTES ANNOTATED

### Title 42
### Rules of Civil Procedure
Rules 2326 to End

### Code of Professional Responsibility

### Rules of Professional Conduct

## 1989
## Cumulative Annual Pocket Part

*For Use In 1989–1990*

Replacing 1988 pocket part in back of volume

---

**Includes amendments received to March 14, 1989**

---

Philadelphia, Pa.  　　　　　St. Paul, Minn.
**George T. Bisel Company**　　　**West Publishing Co.**

47 Pa.Stats.—1
1989 P.P.

47

:SIONAL RESPONSIBILITY

LES

npropriety

;ented the defendant, a city agency, where it failed to demonstrate any connection current lawsuit and any matter over aw firm's partner had exercised control his employment; partner's acquisition of knowledge of agency's administrative res was not sufficient to warrant disquali- Caracciolo v. Ballard, 1988, 687 F.Supp.

:operty of a Client

orged endorsement, who commingles and iverts the proceeds for his own benefit Code of Prof.Resp. DR 1–102(A)(3), (4) 9–102(B)(1) and (4), 42 Pa.C.S.A., and isbarred. In re Anonymous No. 22 D.B. ). & C.3d 249, 1986.

orney who forges the clients' signature on and settlement draft, and fails to deposit client's funds in an escrow account, vio- : 1–102(A)(4) and (6) and 9–102(A) and id the attorney will be suspended from the of law for two years; a seven-year delay rosecution is considered as a mitigating In Re Anonymous No. 16 D.B. 85, 43 D. 293, 1987.

# RULES OF PROFESSIONAL CONDUCT

Adopted October 16, 1987

Effective April 1, 1988

*Adopted October 16, 1987, by the Supreme Court of Pennsylvania, effective April 1, 1988*

*The order adopting the Rules of Professional Conduct provides, in part, that:*

*1. The Rules of Professional Conduct are adopted and promulgated in the form attached hereto. Any Comments or Comparisons to the Code of Professional Responsibility shall not be a part of the Rules of Professional Conduct.*

*2. This order shall take effect on April 1, 1988 at which time the Rules of Professional Conduct shall supersede the present Code of Professional Responsibility.*

*3. The Rules of Professional Conduct, as adopted hereby, do not apply to professional misconduct occurring on or before March 31, 1988. Such misconduct shall be governed by the present Code of Professional Responsibility, which is continued in full force and effect as grounds for disciplinary action, as if this order had not been adopted.*

**PREAMBLE: A LAWYER'S RESPONSIBILITIES**
**SCOPE**
**TERMINOLOGY**
**CLIENT-LAWYER RELATIONSHIP**
Rule
1.1. Competence.
1.2. Scope of Representation.
1.3. Diligence.
1.4. Communication.
1.5. Fees.
1.6. Confidentiality of Information.
1.7. Conflict of Interest: General Rule.
1.8. Conflict of Interest: Prohibited Transactions.
1.9. Conflict of Interest: Former Client.
1.10. Imputed Disqualification: General Rule.
1.11. Successive Government and Private Employment.
1.12. Former Judge or Arbitrator or Law Clerk.
1.13. Organization as Client.
1.14. Clients Under a Disability.
1.15. Safekeeping Property.
1.16. Declining or Terminating Representation.

**COUNSELOR**
2.1. Advisor.
2.2. Intermediary.
2.3. Evaluation for Use by a Third Person.

**ADVOCATE**
Rule
3.1. Meritorious Claims and Contentions.
3.2. Expediting Litigation.
3.3. Candor Toward the Tribunal.
3.4. Fairness to Opposing Party and Counsel.
3.5. Impartiality and Decorum of the Tribunal.
3.6. Trial Publicity.
3.7. Lawyer as Witness.
3.8. Special Responsibilities of a Prosecutor.
3.9. Advocate in Nonadjudicative Proceedings.
3.10. Issuance of Subpoenas to Lawyers. [New]

**TRANSACTIONS WITH PERSONS OTHER THAN CLIENTS**
4.1. Truthfulness in Statements to Others.
4.2. Communication with Person Represented by Counsel.
4.3. Dealing with Unrepresented Person and Communicating with One of Adverse Interest.
4.4. Respect for Rights of Third Persons.

**LAW FIRMS AND ASSOCIATIONS**
5.1. Responsibilities of a Partner or Supervisory Lawyer.

Rule
5.2. Responsibilities of a Subordinate Lawyer.
5.3. Responsibilities Regarding Non-lawyer Assistants.
5.4. Professional Independence of a Lawyer.
5.5. Unauthorized Practice of Law.
5.6. Restrictions on Right to Practice.

PUBLIC SERVICE
6.1. Pro Bono Publico Service.
6.2. Accepting Appointments.
6.3. Membership in Legal Services Organization.
6.4. Law Reform Activities Affecting Client Interests.

INFORMATION ABOUT LEGAL SERVICES
Rule
7.1. Communications Concerning a Lawyer's Services.
7.2. Advertising.
7.3. Direct Contact with Prospective Clients.
7.4. Communication of Fields of Practice.
7.5. Firm Names and Letterheads.

MAINTAINING THE INTEGRITY OF THE PROFESSION
8.1. Bar Admission and Disciplinary Matters.
8.2. Statements concerning Judges and Other Adjudicatory Officers.
8.3. Reporting Professional Misconduct.
8.4. Misconduct.
8.5. Jurisdiction.

## PREAMBLE: A LAWYER'S RESPONSIBILITIES

A lawyer is a representative of clients, an officer of the legal system and a public citizen having special responsibility for the quality of justice.

As a representative of clients, a lawyer performs various functions. As advisor, a lawyer provides a client with an informed understanding of the client's legal rights and obligations and explains their practical implications. As advocate, a lawyer zealously asserts the client's position under the rules of the adversary system. As negotiator, a lawyer seeks a result advantageous to the client but consistent with requirements of honest dealing with others. As intermediary between clients, a lawyer seeks to reconcile their divergent interests as an advisor and, to a limited extent, as a spokesperson for each client. A lawyer acts as evaluator by examining a client's legal affairs and reporting about them to the client or to others.

In all professional functions a lawyer should be competent, prompt and diligent. A lawyer should maintain communication with a client concerning the representation. A lawyer should keep in confidence information relating to representation of a client except so far as disclosure is required or permitted by the Rules of Professional Conduct or other law.

A lawyer's conduct should conform to the requirements of the law, both in professional service to clients and in the lawyer's business and personal affairs. A lawyer should use the law's procedures only for legitimate purposes and not to harass or intimidate others. A lawyer should demonstrate respect for the legal system and for those who serve it, including judges, other lawyers and public officials. While it is a lawyer's duty, when necessary, to challenge the rectitude of official action, it is also a lawyer's duty to uphold legal process.

As a public citizen, a lawyer should seek improvement of the law, the administration of justice and the quality of service rendered by the legal profession. As a member of a learned profession, a lawyer should cultivate knowledge of the law beyond its use for clients, employ that knowledge in reform of the law and work to strengthen legal education. A lawyer should be mindful of deficiencies in the administration of justice and of the fact that the poor, and sometimes persons who are not poor, cannot afford adequate legal assistance, and should therefore devote professional time and civic influence in their behalf. A lawyer should aid the legal profession in pursuing these objectives and should help the bar regulate itself in the public interest.

Many of a lawyer's professional responsibilities are prescribed in the Rules of Professional Conduct, as well as substantive and procedural law. However, a lawyer is also guided by personal conscience and the approbation of professional peers. A lawyer should strive to attain the highest level of skill, to improve the law and the legal profession and to exemplify the legal profession's ideals of public service.

A lawyer's responsibilities as a representative of clients, an officer of the legal system and a public citizen are usually harmonious. Thus, when an opposing party is well represented, a lawyer can be a zealous advocate on behalf of a client and at the same

24

time assume that justice is being [...] client confidences ordinarily serve[s] seek legal advice, and thereby [...] communications will be private.

In the nature of law practice, [...] Virtually all difficult ethical proble[m]ities to clients, to the legal syste[m] upright person while earning a sa[t] prescribe terms for resolving suc[h] many difficult issues of profession[...] through the exercise of sensitive [...] principles underlying the Rules.

The legal profession is largely s[...] been granted powers of self-gover[n] because of the close relationship [...] ment and law enforcement. This authority over the legal professio[n].

To the extent that lawyers me[...] occasion for government regulatio[n] legal profession's independence fr[...] profession is an important force in authority is more readily challenge[d] on government for the right to pr[...]

The legal profession's relative [...] self-government. The profession [...] conceived in the public interest a[nd] concerns of the bar. Every law[yer] Professional Conduct. A lawyer s[...] lawyers. Neglect of these respons[...] sion and the public interest which [...]

Lawyers play a vital role in the [...] requires an understanding by law[yers] Rules of Professional Conduct, wh[...]

The Rules of Professional Cond[uct] with reference to the purposes of the Rules are imperatives, cast in t[he] conduct for purposes of professio[n] "may" or "should," are permissive [...] has professional discretion. No d[...] chooses not to act or acts within th[e] nature of relationships between t[he] obligatory and disciplinary and par[...] lawyer's professional role. Many c[...] do not add obligations to the Rule[s] with the Rules.

The Rules presuppose a larger le[gal] includes court rules and statutes re[...] obligations of lawyers and substant[...] the Rules, as with all law in an ope[n] voluntary compliance, secondarily [...] finally, when necessary, upon enfor[...] do not, however, exhaust the mor[al] lawyer, for no worthwhile human a[...] Rules simply provide a framework [...]

Furthermore, for purposes of de[...] principles of substantive law exter[n] relationship exists. Most of the [...] attach only after the client has rec[...] lawyer has agreed to do so. But t[...] under Rule 1.6, that may attach [...] client-lawyer relationship shall be [...] exists for any specific purpose can [...] of fact.

Under various legal provisions, i[...] the responsibilities of government [...]



| | |
|---|---|
| "Smith, Beth" <bsmith@attorneygeneral.gov><br>08/06/2009 03:56 PM | To "'Judge_Restrepo@paed.uscourts.gov'" <Judge_Restrepo@paed.uscourts.gov>, "'Christofer_Bates@paed.uscourts.gov'"<br>cc "'Lee, John'" <jlee@morganlewis.com>, "'Turner, Larry L.'" <lturner@morganlewis.com><br>bcc<br>Subject RE: Letter & Attachments to Judge Restrepo; 8/6/09 |

Dear Judge Restrepo,

Given several fairly recent rulings by federal courts sitting in Pennsylvania, it appears that a lawyer's duty to avoid the appearance of impropriety is not as defunct as Mr. Turner claims. *See, e.g* ., AAMCO Transmissions, Inc. v. Baker, 2008 WL 5272781, *2 (E.D. 2008) (noting that Rules of Professional Conduct "protects a broader concern for public confidence in the process of justice by avoiding the appearance of impropriety or misconduct on the part of attorneys"); Municipal Revenue Services, Inc. v. Xspand, Inc., 537 F.Supp.2d 740, 745 (M.D.Pa.2008)(granting motion for disqualification based on counsel's failure to avoid even appearance of impropriety).
As stated in my motion and reply brief, a court may disqualify counsel even where counsel has not technically violated the Rules of Professional Conduct.
Thank you again for your consideration of this matter.
Beth Smith

-----Original Message-----
From: Borschell, Jeanne C. [mailto:jborschell@morganlewis.com] On Behalf Of Turner, Larry L.
Sent: Thursday, August 06, 2009 3:25 PM
To: 'Judge_Restrepo@paed.uscourts.gov'; 'Christofer_Bates@paed.uscourts.gov'
Cc: Smith, Beth; Lee, John
Subject: Letter & Attachments to Judge Restrepo; 8/6/09

Please see attached correspondence & exhibits.


Jeanne C. Borschell
Legal Secretary
Morgan, Lewis & Bockius LLP
1701 Market Street | Philadelphia, PA 19103-2921
Direct: 215.963.5247 | Main: 215.963.5000 | Fax: 215.963.5001
jborschell@morganlewis.com | www.morganlewis.com
Assistant to: Larry L. Turner, Paul C. Evans, Sean W. Sloan, Kasturi Sen

DISCLAIMER
This e-mail message is intended only for the personal
use of the recipient(s) named above. This message may
be an attorney-client communication and as such privileged
and confidential.  If you are not an intended recipient,
you may not review, copy or distribute this message. If
you have received this communication in error, please
notify us immediately by e-mail and delete the original
message.



| | | To | "'Judge_Restrepo@paed.uscourts.gov'" <Judge_Restrepo@paed.uscourts.gov>, "'Christofer_Bates@paed.uscourts.gov'" |
|---|---|---|---|
| | "Lee, John" <jlee@morganlewis.com> 08/06/2009 05:48 PM | cc | "Turner, Larry L." <lturner@morganlewis.com>, "Smith, Beth" <bsmith@attorneygeneral.gov> |
| | | bcc | |
| | | Subject | RE: Letter & Attachments to Judge Restrepo; 8/6/09 |

Dear Judge Restrepo,

Neither of the cases cited by Defendants support their Motion. The first case involved a motion in limine based on PRPC 3.7 (relating to a lawyer testifying as a witness), and the second relied upon a decision from 1978. In any event, neither of these cases, like all of the cases cited by Defendants thus far in support of their Motion, are remotely analogous to the situation here.

In AAMCO Transmission, Inc. v. Baker, the court granted a motion in limine filed by plaintiff to preclude defendant from calling plaintiff's counsel as a witness at trial. No. 06-cv-05252, 2008 WL 5272781, *2 (E.D. Pa. Dec. 18, 2008). AAMCO involved PRPC Rule 3.7, which prevents a lawyer from acting as an advocate in a trial where the lawyer is "likely to be a necessary witness" unless certain conditions are met. AAMCO explained, in dicta, that: "As the comments [to] Rule 3.7 explain '[c]ombining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client.' Pa. R.P.C. 3.7 Cmt. 1. This rule protects 'a broader concern for public confidence in the process of justice' by avoiding the appearance of impropriety or misconduct on the part of attorneys." Id. (internal citations and quotations omitted). PRPC Rule 3.7 is **not** at issue in the case at bar.

In Municipal Rev. Servs., Inc. v. Xspand, Inc., the court granted a motion to disqualify an attorney, **after finding a concurrent conflict of interest** in violation of Rule 1.7 existed. 537 F. Supp. 2d 740, 746 (M.D. Pa. 2008). The court in Xspand also relied upon IBM Corp. v. Levin, 579 F.2d 271 (3d Cir. 1978), for the proposition that a court may disqualify an attorney for failing to avoid even the appearance of impropriety. As noted in Plaintiff's Opposition, however, and as reiterated in the letter to the Court today, Levin was decided in 1978, when Canon 9 was still in effect and when this Court followed the ABA Model Rules rather than the PRPC.

Respectfully submitted,

**W. John Lee**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: 215.963.5210 | Main: 215.963.5000 | Fax: 215.963.5001
jlee@morganlewis.com | www.morganlewis.com
Assistant: Christine J. Gasiewski | 215.963.5762 | cgasiewski@morganlewis.com

**From:** Smith, Beth [mailto:bsmith@attorneygeneral.gov]
**Sent:** Thursday, August 06, 2009 3:57 PM
**To:** 'Judge_Restrepo@paed.uscourts.gov'; 'Christofer_Bates@paed.uscourts.gov'
**Cc:** Lee, John; Turner, Larry L.
**Subject:** RE: Letter & Attachments to Judge Restrepo; 8/6/09

Dear Judge Restrepo,

Given several fairly recent rulings by federal courts sitting in Pennsylvania, it appears that a lawyer's duty to avoid the appearance of impropriety is not as defunct as Mr. Turner claims. *See, e.g* ., AAMCO Transmissions, Inc. v. Baker, 2008 WL 5272781, *2 (E.D. 2008) (noting that Rules of Professional Conduct "protects a broader concern for public confidence in the process of justice by avoiding the appearance of impropriety or misconduct on the part of attorneys"); Municipal Revenue Services, Inc. v. Xspand, Inc., 537 F.Supp.2d 740, 745 (M.D.Pa.2008)(granting motion for disqualification based on counsel's failure to avoid even appearance of impropriety).
As stated in my motion and reply brief, a court may disqualify counsel even where counsel has not technically violated the Rules of Professional Conduct.
Thank you again for your consideration of this matter.
Beth Smith

-----Original Message-----
From: Borschell, Jeanne C. [mailto:jborschell@morganlewis.com] On Behalf Of Turner, Larry L.
Sent: Thursday, August 06, 2009 3:25 PM
To: 'Judge_Restrepo@paed.uscourts.gov'; 'Christofer_Bates@paed.uscourts.gov'
Cc: Smith, Beth; Lee, John
Subject: Letter & Attachments to Judge Restrepo; 8/6/09

Please see attached correspondence & exhibits.


Jeanne C. Borschell
Legal Secretary
Morgan, Lewis & Bockius LLP
1701 Market Street | Philadelphia, PA 19103-2921
Direct: 215.963.5247 | Main: 215.963.5000 | Fax: 215.963.5001
jborschell@morganlewis.com | www.morganlewis.com
Assistant to: Larry L. Turner, Paul C. Evans, Sean W. Sloan, Kasturi Sen

DISCLAIMER
This e-mail message is intended only for the personal
use of the recipient(s) named above. This message may
be an attorney-client communication and as such privileged
and confidential.  If you are not an intended recipient,
you may not review, copy or distribute this message. If
you have received this communication in error, please
notify us immediately by e-mail and delete the original
message.


DISCLAIMER
This e-mail message is intended only for the personal
use of the recipient(s) named above. This message may
be an attorney-client communication and as such privileged
and confidential.  If you are not an intended recipient,
you may not review, copy or distribute this message. If
you have received this communication in error, please