IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| K. KABASHA GRIFFIN-EL<br>a/k/a KEITH FEDELE GRIFFIN,<br>Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| JEFFREY A. BEARD, et al.,<br>Defendants. | : | NO. 06-2719 |

## MEMORANDUM AND ORDER

L. FELIPE RESTREPO  　　　　　　　　　　　　　　　　　　OCTOBER 5, 2009
UNITED STATES MAGISTRATE JUDGE

    Before the Court is the Motion of Defendants, William Banta, Robert Bitner, Francis Field, Gerald Galinski, and Guy Smith, to Dismiss Plaintiff's Second Amended Complaint, and plaintiff's opposition thereto. The Motion to Dismiss requests dismissal of all claims against the moving defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted, and pursuant to Rules 12(b)(5) and 4(m), for insufficient service of process due to untimeliness of original process of the Second Amended Complaint on the moving defendants. See Defs.' Br. at 3-6; see also Fed. R. Civ. P. 12(b)(6), 12(b)(5), and 4(m).

    By Memorandum Opinion filed May 29, 2009 (Doc. 100), this Court addressed and rejected defendants' request not to allow plaintiff to effect service after the 120-day period referred to in Rule 4(m). See Fed. R. Civ. P. 4(m). Indeed, on that same date this Court ordered that service of the summonses and Second Amended Complaint were to be made upon the moving defendants by the U.S. Marshals Service. See Order filed 5/29/09 (Doc. 101). To the

extent that defendants' motion to dismiss is a request for reconsideration of the previous arguments which were decided in the May 29, 2009 Memorandum Opinion, as plaintiff points out, see Pl.'s Opp. to Defs.' Mot. to Dismiss (hereinafter cited as "Pl.'s Br.") at 9, such request is untimely. See Local R. Civ. P. 7.1(g) (requiring motion for reconsideration to be filed within ten (10) days after the entry of the order concerned). In any event, with respect to defendants' Rule 12(b)(5) challenge to the sufficiency of the service of process pursuant to Rule 4(m), in addition to the untimeliness of any reconsideration request, as indicated in the May 29, 2009 Memorandum Opinion rejecting defendants' challenges to the service of the Second Amended Complaint under Rule 4(m), a discretionary extension of time for service to be effected upon the moving defendants was appropriate in this case, and defendants' motion to dismiss is denied.

With respect to the moving defendants' challenge under Rule 12(b)(6), for failure to state a claim upon which relief may be granted, defendants rely on the U.S. Supreme Court's recent decision in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). See Def.'s Mot. to Dismiss ¶ 1. Specifically, the moving defendants allege that in a Section 1983 complaint, the plaintiff must plead that "**each** government official defendant, **through his own individual actions**, violated the Constitution." See Def.'s Br. 3 (emphasis in original). In other words, defendants claim that plaintiff fails to allege facts showing personal involvement by the moving defendants. See Def.'s Br. 5.

In opposition to defendants' motion to dismiss, plaintiff claims that the moving defendants "erroneously argue for a pleading standard that far exceeds the notice pleading requirement found in Federal Rule of Civil Procedure 8(a), and they further misinterpret the Supreme Court's decision in [Iqbal]." See Pl.'s Br. at 1. Defendants' motion to dismiss, plaintiff

argues, "patently ignores Rule 8(a) of the Federal Rules of Civil Procedure's lenient notice pleading standard." Id. at 6. Specifically, plaintiff contends that under Rule 8(a) a statement is sufficient "where it provides 'the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'" and therefore, this standard has been met in this case. Id. (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)).

The recent decision by the Supreme Court in Iqbal found the plaintiff failed to plead sufficient factual matter that, if taken as true, stated a claim that the defendants deprived him of his constitutional rights. See Iqbal, 129 S. Ct. at 1944. To survive a motion to dismiss, Iqbal explains, "a complaint must contain sufficient factual matter," that if accepted as true, states a claim for relief "that is plausible on its face.'" Id. at 1949 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

Iqbal sets out two working principles which underlie the Supreme Court's decision in Twombly. Id. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. In

Iqbal, the plaintiff's complaint failed to allege facts plausibly showing that "petitioners purposefully adopted a policy of classifying post-September-11 detainees as 'of high interest' because of their race, religion, or national origin." Id. at 1952. As Iqbal explains, the plaintiff's "only factual allegation against [the defendants] accuses them of adopting a policy approving 'restrictive conditions of confinement' for post-September-11 detainees until they were cleared by the FBI.'" Id. The Supreme Court found the complaint failed to show, or even intimate, that petitioners had purposefully housed detainees due to their race, religion, or national origin, and would need to "allege more by way of **factual content** to 'nudge' the claim of purposeful discrimination 'across the line from conceivable to plausible.'" Id. (emphasis added).

In this case, plaintiff, unlike the case in Iqbal, has plead sufficient factual allegations for the Court to draw a "reasonable inference that the defendant is liable for the misconduct alleged," and has therefore met the pleading requirement of Federal Rule of Civil Procedure 8(a). Id. at 1949. Unlike Iqbal, where the plaintiff's constitutional claims of discrimination on the basis of race, religion, or national origin rested solely on "their ostensible 'policy of holding post-September-11th detainees'. . . once they were categorized as 'of high interest,'" plaintiff's complaint in this case alleges highly detailed factual allegations which meets the standard consistent with Rule 8(a) and Iqbal. Id. at 1952.

An implementing Order follows.